757 F.2d 548
 Salvatore CICCARELLI et al.
v.
CAREY CANADIAN MINES, LTD., Johns-Manville Corp.,
Johns-Manville Products Corp., Johns-Manville Sales Corp.,
Canadian Johns-Manville Co., Ltd., Canadian Johns-Manville
Mining Co., Ltd., Canadian Johns-Manville Asbestos, Ltd.,
Bell Asbestos Mines, Ltd., Lake Asbestos of Quebec, Ltd.,
Asbestos Corp. of America, Asbestos Corp., Ltd., Turner
Newell, Ltd., Celotex Corp., Glen Alden, Inc., Rapid
American, Inc., North American Asbestos Company, Philip
Carely Manufacturing Company, Inc. and GAF Corporation
v.
CAPE ASBESTOS.
Appeal of Norma TARBUTTON, Administratrix of the Estate of
John D. Tarbutton, and Norma Tarbutton, on her own behalf
and Delores Chale. Administratrix of the Estate of Sullivan
Chale, and Delores Chale, on her own behalf and Essie M.
Davis, Administratrix of the Estate of Wilmer H. Davis, and
Essie M. Davis, on her own behalf and Dorothy Coonan,
Administratrix of the Estate of William J. Coonan and
Dorothy Coonan on her own behalf and Marjorie R. Newman,
Administratrix of the Estate of Charles P. Newman and
Marjorie R. Newman on her own behalf and Mary Howard,
Administratrix of the Estate of Leonard Howard, and Mary
Howard on her own behalf and Antonette Lannutti,
Administratrix of the Estate of Peter Lannutti, and
Antonette Lannutti on her own behalf and Margaret Luciano,
Administratrix of the Estate of Leonard Luciano and Margaret
Luciano on her own behalf and Josephine White,
Administratrix of the Estate of William Howard White, and
Josephine White on her own behalf.
 No. 82-1357.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 15, 1984.
Decided March 12, 1985.
 
 Neil R. Peterson, Washington, D.C. (argued), Greitzer & Locks, Philadelphia, Pa., Shor, Levin & Weiss, Wyncote, Pa., for appellant.
 Joel D. Gusky, G. Wayne Renneisen, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for Carey Canadian Mines, Ltd.
 Francis Marshall, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for Johns-Manville Corp.
 Frederic L. Goldfein (argued), Ominsky, Joseph & Welsh, P.C., Philadelphia, Pa., for Asbestos Corp., Ltd.
 Edmund K. John, Malcolm & Riley, West Chester, Pa., for Celotex/Philip Carey Corp.
 John Leonard, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for North American Asbestos Corp.
 Robert M. Britton, Post & Schell, Philadelphia, Pa., for Bell Asbestos Mines., Ltd.
 Timothy B. Barnard, Beagan, Gannon & Barnard, Media, Pa., for Rapid American/Glen Alden.
 Virginia Gibson Mason, Drinker, Biddle & Reath, Philadelphia, Pa., for Cassiar (Brinco).
 Before ADAMS, GIBBONS and WEIS, Circuit Judges.
 OPINION OF THE COURT
 ADAMS, Circuit Judge.
 
 
 1
 This appeal involves the interpretation and application of state statutes of limitation in wrongful death and survival actions. Although the district court erred in holding that as a matter of law defendants in such actions may never be estopped from pleading the statute of limitations, our review of the record discloses insufficient evidence to ground an estoppel argument. Accordingly we will affirm.
 
 
 2
 * Appellants are part of a group of 31 plaintiffs who originally filed an action in May, 1979, in a Pennsylvania state court.[1] The case was removed to the District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. Sec. 1441 (1982). Plaintiffs' decedents were former employees of Philip Carey Manufacturing Co., at its plant in Plymouth Meeting, Pennsylvania. They sought damages for the allegedly asbestos-related diseases and deaths of their decedents. Named as defendants were several manufacturers, sellers, suppliers, and distributors of asbestos and asbestos products, including appellee Carey Canadian Mines [Carey].
 
 
 3
 In November, 1981, on behalf of itself and all other defendants, Carey moved for summary judgment against nine of the plaintiffs--those whose decedents died more than two years before the date of the filing of the original action. Carey contended that the causes of action of these nine plaintiffs were barred by the Pennsylvania statutes of limitation applicable in wrongful death and survival actions. On May 20, 1982, the district court granted the motion, and plaintiffs filed timely appeals.[2]
 
 II
 
 4
 Federal courts sitting in diversity cases must apply the substantive law of the states in which they sit, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and statutes of limitations are considered substantive. See Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Witherow v. Firestone Tire & Rubber Co., 530 F.2d 160 (3d Cir.1976). There is a threshold question in the present case, however, as to which Pennsylvania statute of limitations is applicable. The district court believed that the current limitation period for both wrongful death and survival actions, codified at 42 Pa.Cons.Stat.Ann. Sec. 5524(2), supplied the relevant limits. That section, effective June 27, 1978, provides that the "following actions and proceedings must be commenced within two years: ... (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." Plaintiffs argue that Sec. 5524 is applicable because it had taken effect prior to the filing of their action in May, 1979. They further contend that the "discovery rule" has tolled the statute so as to permit their action.
 
 
 5
 A careful reading of the current law suggests, however, that we must look to the statutes in effect for wrongful death and survival actions prior to the enactment of Sec. 5524. Before June, 1978, the time limit for wrongful death actions in Pennsylvania was governed by Pa.Stat.Ann. tit. 12, Sec. 1603 (repealed 1978), which provided that an action "shall be brought within one year after the death, and not thereafter." Survival actions were then governed by Pa.Stat.Ann. tit. 12, Sec. 34 (repealed 1978), which mandated that the actions must be "brought within 2 years from the time when the injury was done and not afterwards." These now-superseded acts apply to the present case because the new consolidated statute expressly provides that no cause of action fully barred prior to the effective date of the new statute "shall be revived by reason of the enactment" of the new act. If the plaintiffs' actions were barred by the two previous statutes of limitations, therefore, they may not rely on Sec. 5524 to revive their actions. See Gravinese v. Johns-Manville Corp., 324 Pa.Super. 432, 471 A.2d 1233, 1236 n. 4 (1984) (Sec. 5524 has no applicability to action brought after its effective date if the action was barred by the prior statute).
 
 III
 
 6
 It is undisputed that the plaintiffs filed their suit more than two years after the deaths of each of their decedents. It thus would appear that the actions are barred, as they were instituted beyond the one-year wrongful death and the two-year survival limitations periods, unless the running of the statutes of limitation may be suspended by an application of the "discovery rule" or a similar equitable tolling doctrine. The discovery rule is a judicially created device often applied to toll the running of a statute of limitations when the injury or its cause is not immediately evident to a victim. In the asbestos litigation context, the discovery rule would suspend the statutory period until the plaintiff knows, or reasonably should know: (1) that he or she has been injured; and (2) that the injury has been caused by another party's conduct. See Cathcart v. Keene Industrial Insulation, 471 A.2d 493, 500 (Pa.Super.1984).
 
 
 7
 Plaintiffs maintain that they did not discover and, indeed, could not have reasonably discovered the cause of the injuries alleged until a point in time more than two years after their decedents' deaths but within two years of the commencement of their suit. Were the discovery rule to apply to the two state statutes in question, plaintiffs' actions might not be barred.
 
 
 8
 Any reliance on the discovery rule, however, is precluded by the decision of the Supreme Court of Pennsylvania in Anthony v. Koppers, 496 Pa. 119, 436 A.2d 181 (1981) (plurality of three Justices, with two Justices concurring in the result),[3] and that opinion's progeny. Anthony held that the discovery rule did not extend the statutory periods prescribed by Pa.Stat.Ann. tit. 12 Secs. 34, 1603 (repealed 1978).[4] Regarding a wrongful death action, the Pennsylvania Supreme Court declared that the "statute here [Sec. 1603] is quite specific that the one year runs from the date of death" and that this "did not mean 'one year from the date of discovery of the cause of death.' " 496 Pa. at 123-24, 436 A.2d at 183-84.
 
 
 9
 The Pennsylvania Supreme Court noted that the discovery rule, which has a significant history in Pennsylvania, applies only when the language of the statute permits, i.e., when the statute employs language such as the "occurrence of an 'injury' or the accrual of a 'cause of action.' " Id. at 124, 436 A.2d at 184. Such language is ordinarily susceptible to judicial construction. The old wrongful death statute, however, left "no room for construction," for it ran from a "definitely established event, 'death.' " Id.
 
 
 10
 The survival action statute of limitations at issue here and in Anthony, Pa.Stat.Ann. tit. 12, Sec. 34 (repealed 1978), runs from the date of "injury," not from the date of death. Anthony therefore did not hold that the discovery rule had no applicability to any survival action. Rather, Anthony appears to have applied the discovery rule, although in a formalistic manner leading to a somewhat perverse result. The court reasoned that since for statute of limitations purposes, the injury does not occur until the injured party has learned of the cause of the injury and since the cause was not discovered until after decedents' deaths, the "decedents were not 'injured' until some time after their deaths...." 496 Pa. at 125, 436 A.2d at 185 (emphasis in original). Thus, "no valid cause of action existed at the time of death which could be preserved under the survival statutes." Id. The result is admittedly odd--a cause of action is extinguished before it can accrue--but nevertheless it stands as the law of Pennsylvania regarding Pa.Stat.Ann. tit. 12, Sec. 34 (repealed 1978).[5]
 
 
 11
 We are bound by the state court holding that the discovery rule does not extend the period within which to bring wrongful death or survival actions governed by Pa.Stat.Ann. tit. 12, Secs. 34 and 1603 (repealed 1978).
 
 IV
 
 12
 Plaintiffs urge that the district court erred in not predicting that the Pennsylvania courts would apply Anthony in only a prospective manner. The Pennsylvania courts traditionally have followed the test articulated by the Supreme Court in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), for determining when a new decision might be given only prospective application. See Schreiber v. Republic Intermodal Corp., 473 Pa. 614, 622, 375 A.2d 1285, 1289 (1977). The most important factor in the Chevron test is whether the decision establishes a new principle of law either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Chevron, 404 U.S. at 106, 92 S.Ct. at 355. A court should also examine the prior history of the rule in question to determine whether its purpose and effect would be furthered by no retrospective treatment, and weigh the inequity of retrospective application. Id. at 106-07, 92 S.Ct. at 355.
 
 
 13
 There are three state cases that guide our resolution of this issue. In Richardson v. La Buz, 81 Pa.Commw. 436, 474 A.2d 1181, 1190 (1984), the Commonwealth Court applied the factors outlined in Schreiber to hold that "the principle announced in Koppers should ... be given prospective effect only." However, in Gravinese v. Johns-Manville Corp., 324 Pa.Super. 432, 471 A.2d 1233, the Superior Court, without discussion of the pertinent factors, applied Anthony retroactively.
 
 
 14
 Given this split of authority we cannot say that the district court was incorrect in assuming that Anthony would be applied retroactively by the Pennsylvania Supreme Court. The Anthony decision gave no indication that it intended a limited, prospective-only application of its decision. In a recent criminal case which drew upon civil precedents, the state court held "that where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively...." Commonwealth v. Cabeza, 503 Pa. 228, 229, 233, 469 A.2d 146, 148 (1983). Moreover, with regard to foreseeability, we note that the Anthony court cited cases from other jurisdictions reaching an identical result. The Court also stressed that the "principle we adopt here is not without support in Pennsylvania case law." Anthony, 496 Pa. at 124, 436 A.2d at 184. Consequently we find no error in the district court's determination of this issue.
 
 V
 
 15
 The next point asserted by plaintiffs is that as interpreted by the state court, the applicable statutes of limitation are unconstitutional. The first argument is that the state decisions have construed the statutes so as to deny due process by abrogating the fundamental right to redress in court.
 
 
 16
 There is no absolute and unlimited constitutional right of access to courts. All that is required is a reasonable right of access--a reasonable opportunity to be heard. Wayne v. Tennessee Valley Authority, 730 F.2d 392, 403 (5th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985); see also Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 786, 28 L.Ed.2d 113 (1971). As the Supreme Court has noted:
 
 
 17
 Statutes of limitations, which "are found and approved in all systems of enlightened jurisprudence," Wood v. Carpenter, 101 U.S. [ (11 Otto) ] 135, 139 [25 L.Ed. 807] (1879), represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that "the right to be free of stale claims in time comes to prevail over the right to prosecute them." Railroad Telegraphers v. Railway Express Agency, 321 U.S. 342, 349 [64 S.Ct. 582, 586, 88 L.Ed. 788] (1944). These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise. United States v. Marion, 404 U.S. 307, 322 n. 14 [92 S.Ct. 455, 464 n. 14, 30 L.Ed.2d 468] (1971); Burnett v. New York Central R. Co., 380 U.S. 424, 428 [85 S.Ct. 1050, 1054, 13 L.Ed.2d 941] (1965); Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314 [65 S.Ct. 1137, 1142, 89 L.Ed. 1628] (1945); Missouri, K. & T.R. Co. v. Harriman, 227 U.S. 657, 672 [33 S.Ct. 397, 401, 57 L.Ed. 690] (1913); Bell v. Morrison, 1 Pet. 351, 360, 7 L.Ed. 174 (1828).
 
 
 18
 United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 356-57, 62 L.Ed.2d 259 (1979).
 
 
 19
 Similarly, the Court has recognized that statutes of limitations
 
 
 20
 are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a "fundamental" right or what used to be called a "natural" right of the individual. He may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control.
 
 
 21
 Chase Securities Corp. v. Donaldson, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945) (footnote omitted).
 
 
 22
 Other courts recently have upheld statutes that in effect extinguish claims before they accrue. Because statutory periods are in some sense arbitrary, the period to initiate suit occasionally expires before a claimant has sustained any injury, see, e.g., Jewson v. Mayo Clinic, 691 F.2d 405, 411 (8th Cir.1982); see also Dincher v. Marlin Firearms Co., 198 F.2d 821, 822-23 (2d Cir.1952), or before the claimant knows he has sustained an injury, see, e.g., Jewson, 691 F.2d at 411; Clark v. Gulesian, 429 F.2d 405, 406 (1st Cir.1970), cert. denied, 400 U.S. 993, 91 S.Ct. 461, 27 L.Ed.2d 441 (1971). Such a statute does not violate due process if the limitation period is otherwise reasonable. See Braswell v. Flintkote Mines, Ltd., 723 F.2d 527, 531 (7th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 2690, 81 L.Ed.2d 884 (1984); Mathis v. Eli Lilly & Co., 719 F.2d 134, 139 (6th Cir.1983); Jewson, 691 F.2d at 411; Ornstein v. Regan, 604 F.2d 212, 214 (2d Cir.1979). Plaintiffs' due process claim must therefore fail because here the period is reasonable.
 
 
 23
 Plaintiffs also insist that by distinguishing between personal injury claims on the one hand and wrongful death and survival actions on the other, i.e., by not extending time periods for the latter through the discovery rule while extending them for the former, the statutes as interpreted violate equal protection. The distinction does not implicate a suspect class nor a fundamental right; consequently, if the distinction is rationally related to a legitimate government interest it does not violate equal protection. See Wayne v. Tennessee Valley Authority, 730 F.2d at 404; Braswell, 723 F.2d at 531; see also United States Department of Agriculture v. Moreno, 413 U.S. 528, 534, 93 S.Ct. 2821, 2825, 37 L.Ed.2d 782 (1973). A distinction between wrongful death and survival actions, and those personal injury actions brought by living plaintiffs, is related to the state's interest--and those of the survivors--in the prompt settlement of the economic and legal affairs of the deceased. The state legislature may not be said to be irrational in encouraging a personal representative to bring suit promptly. Requiring all wrongful death and survival actions to be commenced within one and two years, respectively, of the decedent's death may well represent a conclusion by the state that "the right to be free of state claims in time comes to prevail over the right to prosecute them," Railroad Telegraphers v. Railway Express Agency, Inc., 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944), even though this may lead to harsh results in some cases.[6] The district court did not err in disposing of plaintiffs' equal protection claim.
 
 VI
 
 24
 Plaintiffs assert alternatively that the statutes of limitation were tolled by the asbestos defendants' concealment from decedents of the hazards of asbestos exposure. In support of this claim plaintiffs submitted to the district court a detailed offer of proof, including evidence spanning several decades, which sought to implicate the manufacturers in an industry-wide conspiracy to conceal the hazards of asbestos exposure.
 
 
 25
 Under the law of Pennsylvania, it is the duty of the one asserting a cause of action to use all reasonable diligence to inform himself or herself properly of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed statutory period. Schaffer v. Larzelere, 410 Pa. 402, 405, 189 A.2d 267, 269 (1963), distinguished on other grounds, Anthony, 496 Pa. at 124, 436 A.2d at 184; see also Walters v. Ditzler, 424 Pa. 445, 450-51, 227 A.2d 833, 835 (1967). Mere mistake, misunderstanding or lack of knowledge on the part of the plaintiff is not sufficient to toll the running of the statute of limitations. Schaffer, 410 Pa. at 405, 189 A.2d at 269; see Nesbitt v. Erie Coach Co., 416 Pa. 89, 93, 204 A.2d 473, 475 (1964); McNair v. Weikers, 300 Pa.Super. 379, 388, 446 A.2d 905, 909 (1982). However, if through fraud or concealment the defendant causes the plaintiff to relax vigilance or deviate from the right of inquiry, the defendant is estopped from invoking the bar of limitation of action. Nesbitt, 416 Pa. at 92, 204 A.2d at 475; Schaffer, 410 Pa. at 405, 189 A.2d at 269; McNair, 300 Pa.Super. at 388, 446 A.2d at 909; Gravinese, 471 A.2d at 1238. In applying the doctrine of estoppel, Pennsylvania courts have not required fraud "in the strictest sense encompassing an intent to deceive, but rather fraud in the broadest sense which includes an unintentional deception." Nesbitt, 416 Pa. at 96, 204 A.2d at 476; see also Walters, 424 Pa. at 449, 227 A.2d at 835; McNair, 300 Pa.Super. at 388, 446 A.2d at 909. Nevertheless the defendant must "have done something amounting to an affirmative inducement to plaintiff to delay bringing the action." Gravinese, 471 A.2d at 1238. It is clear that in order to relieve a party from the bar of the statute of limitations, "the concealing screen must have been erected by his adversary." McNair, 300 Pa.Super. at 392, 446 A.2d at 911 (citing Nesbitt, 416 Pa. at 96, 204 A.2d at 477); see also Gravinese, 471 A.2d at 1238.
 
 
 26
 In the case at hand the district court held that regardless of what showing the plaintiffs might make regarding defendants' activity in concealing the hazards of asbestos exposure, Anthony v. Koppers forecloses reliance on any theory of estoppel to toll the statute of limitations. The district court concluded that the "practical effect [of even recognizing the estoppel doctrine] would be a lack of any statute of limitations for asbestos related injury or death." App. at 197.
 
 
 27
 We believe that in this regard the district court has misconstrued Anthony and thus has misstated the present law of Pennsylvania. Anthony involved solely the issue of the possible application of the discovery rule to the statutes of limitation previously in force with regard to wrongful death and survival actions, Pa.Stat.Ann. tit. 12, Secs. 34, 1603 (repealed 1978), not the doctrine of estoppel. The doctrine of estoppel is recognized under Pennsylvania law as a wholly distinct theory for tolling the statute of limitation. See Schaffer, 410 Pa. at 406, 189 A.2d at 270; Barshady v. Schlosser, 226 Pa.Super. 260, 263, 313 A.2d 296, 298 (1973); Med-Mar, Inc. v. Dilworth, 214 Pa.Super. 402, 406, 257 A.2d 910, 913 (1969). Estoppel was simply not an issue in Anthony and it is doubtful that the state supreme court, sub silentio, overruled the long line of cases cited above dealing with a doctrine not specifically at issue. Moreover, that the estoppel theory survived Anthony is made evident by the Superior Court's treatment of the issue in Gravinese.
 
 
 28
 The district court also appears to have overextended Anthony's reasoning. Assuming without deciding that the literal reading of the prior wrongful death statute by the Pennsylvania Supreme Court precludes any extension of the statutory period for any reason, survival actions stand on a different footing under the previous statutory scheme. Anthony instructs that when there is no discovery of the injury during the decedent's lifetime, no cause of action arises during that life. Thus upon death there is no cause of action to "survive." If during the lifetime of the decedent, affirmative acts of fraud or concealment by the defendants caused the decedent to relax vigilance or to deviate from a line of inquiry, the doctrine of estoppel would appear to be applicable.
 
 
 29
 Because the sufficiency of the plaintiffs' offer of proof on the fraud claim is a legal question, we have considered the offer ourselves rather than to remand the matter to the district court. We believe that offer of proof is insufficient to create an issue of fraud under Pennsylvania law. The record does not reveal conduct by the defendants that would cause the plaintiffs to deviate from their right of inquiry concerning the cause of decedents' deaths. There is no evidence demonstrating conduct by the defendants to suggest that the applicable statutes of limitations would not be enforced. Whatever the morality of defendants' actions with regard to asbestos, the defendants are not estopped from asserting a statute of limitations defense because they did not call to plaintiffs' attention those facts which might have aided their investigation.
 
 VII
 
 30
 The judgment of the district court will be affirmed.
 
 
 
 [1]
 Appellants are as follows:
 (1) Norma Tarbutton, administratrix of the estate of John D. Tarbutton, deceased, December 9, 1968:
 (2) Dolores Chale, administratrix of the estate of Sullivan Chale, deceased, August 18, 1973;
 (3) Essie M. Davis, administratrix of the estate of Wilmer H. Davis, deceased, April 4, 1975;
 (4) Dorothy Coonan, administratrix of the estate of William J. Coonan, deceased, July 20, 1972;
 (5) Marjorie R. Newman, administratrix of the estate of Charles P. Newman, Jr., deceased, January 5, 1973;
 (6) Mary Howard, administratrix of the estate of Leonard Howard, deceased, April 26, 1970;
 (7) Antonette Lannutti, administratrix of the estate of Peter Lannutti, deceased, February 6, 1968;
 (8) Margaret Luciano, administratrix of the estate of Leonard Luciano, deceased, April 24, 1966;
 (9) Josephine White, administratrix of the estate of William Howard White, deceased, May 3, 1962.
 
 
 [2]
 The district court made the express determination that there was no just reason for delaying disposition of the claims of the nine appellants. Thus, the district court's judgment was final. Fed.R.Civ.P. 54(b), and appellate jurisdiction is conferred on us in accordance with 28 U.S.C. Sec. 1291
 
 
 [3]
 A federal court sitting in diversity must consider the decisions of a state's highest court to be the ultimate authority regarding state law. See Connecticut Mutual Life Ins. Co. v. Wyman, 718 F.2d 63, 65 (3d Cir.1983). In the absence of an authoritative pronouncement from the highest court of a state, a federal court must consider and give due regard to the decisions of State intermediate appellate courts as well as other state courts as indicia of how the state's highest court would decide a matter. Id.: see Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co., 652 F.2d 1165, 1167 (3d Cir.1981)
 Although an opinion of less than a majority of the Pennsylvania Supreme Court is not a controlling precedent on an issue of state law, see Vargus v. Pittman Mfg. Co., 675 F.2d 73, 74 (3d Cir.1982), such an opinion is "not to be ignored ... in ascertaining the law of Pennsylvania," id. at 76. We note that a majority of the Pennsylvania Supreme Court concurred in the result in Anthony. Moreover, the intermediate appellate courts of statewide jurisdiction have treated the plurality opinion in Anthony as representing the view of a majority of the state supreme court, and thus as the law of Pennsylvania. See Gravinese v. Johns-Manville Corp., 324 Pa.Super. 432, 471 A.2d 1233, 1236 n. 4 (1984); McNair v. Weikers, 300 Pa.Super. 379, 388, 446 A.2d 905, 909 (1982); see also Richardson v. La Buz, 81 Pa.Commw. 436, 474 A.2d 1181, 1190 (1984). Sitting in diversity we believe it appropriate to follow that lead and to treat Anthony as the law of Pennsylvania.
 
 
 [4]
 Presumably this is why plaintiffs urge that the new unified statute of limitations, Sec. 5524, governs this matter. Whether the language of the new statute permits application of the discovery rule is an open question under Pennsylvania law and is not before us
 
 
 [5]
 It would appear that the Pennsylvania Supreme Court did not consider whether a cause of action may accrue before the statute of limitations for that cause of action begins to run
 
 
 [6]
 The Pennsylvania legislature has amended the wrongful death statute; under the new statute the time period runs from accrual of a cause of action rather than from the date of death. See 42 Pa.Cons.Stat.Ann. Sec. 5502