**LORANGER PLASTICS CORP.**

v.

**INCOE CORPORATION.**

**Civ. A. 86–181 Erie.**

United States District Court,
W.D. Pennsylvania.

Sept. 21, 1987.

---

Donald E. Wright, Knox Graham McLaughlin Gornall & Sennett, Erie, Pa., for plaintiff.

John G. Gent, Quinn Gent Buseck & Leemhuis, Erie, Pa., James C. Bruno, Fitzgerald, Young, Peters, Dakmak & Bruno, Detroit, Mich., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This action for breach of contract and warranties, is presently before us on defendant's motion for summary judgment. The motion and plaintiff's reply are accompanied by briefs and evidentiary materials. Having reviewed these materials, this motion is ripe for our determination.

Plaintiff Loranger manufactures plastic parts and components for resale to industries. Defendant Incoe designs, manufactures, and sells parts with sub-assemblies to be used in mechanical systems for utilization in the manufacture of plastic parts. Both parties are merchants as defined in 13 Pa.C.S.A. § 2104. During 1983 and 1984, Loranger engaged in six seperate transactions with Incoe, for the purchase of a total of eight valve gate systems and five electrical hydraulic control panels. The last of these components were delivered to Loranger in December 1984. Throughout this time period, Loranger was allegedly experiencing great difficulties with the Incoe components. On August 11, 1986 Loranger commenced this action alleging that Incoe had breached the sales contracts by failing to deliver acceptable components and that Incoe had breached expressed and implied warranties.

Incoe maintains that Loranger's action is barred by paragraph 26 of Incoe's "Terms and Conditions" which were printed on the reverse side of its quotations to Loranger.

26. *Time for Bringing Action.* Any court action by the Buyer for breach of this agreement must be commenced within one (1) year after the cause of action has accrued.

Incoe alleges that for all of the sales transactions herein, its quotations constituted offers, the terms and conditions of which were accepted by Loranger's purchase orders. As to two of the six transactions, Loranger does not dispute this. As to the other four, however, Loranger maintains that its purchase orders and not Incoe's quotations would constitute the offers. The purchase orders did not contain any limitation clause. These remaining four transactions are as follows:

(1) Loranger purchase order # 20411 dated August 21, 1983. Incoe quotation # 7327 dated February 2, 1983. Quotation update June 16, 1983.

(2) Loranger purchase order # 21416 dated July 9, 1984. Incoe quotation # 7948 dated June 8, 1984.

(3) Loranger purchase order # 21735 dated October 11, 1984.

(4) Loranger purchase order # 21738 dated October 23, 1984. Incoe quotation # 8162 dated October 17, 1984.

As to the first two of the above transactions, Loranger contends that its purchase orders constituted the offers because more than 30 days had transpired between the quotations and the purchase orders. The Incoe quotation forms had the following notation at the bottom:

The above quotation is subject to acceptance without modification within 30 days from above date ...

Loranger maintains that this notation caused the offer to lapse upon the passing of 30 days. We do not agree. The cited language merely informs prospective buyers that the offer is irrevocable for a period of 30 days. *See* 13 Pa.C.S.A. § 2205. The

offer did not expire by its own terms after the passing of the 30 day period. In any event, where the continued dealings of parties shows that an offer extends beyond a stated deadline, the offer does not expire by its own terms. *Continental-Wirt Electron. Corp. v. Sprague Electric Co.,* 329 F.Supp. 959 (E.D.Pa.1971).

An examination of Loranger's own purchase order belies Loranger's assertion that the Incoe's offer in that transaction had expired. The purchase order clearly stated that it was "per your [Loranger's] quotation # 7327 update, dated June 16, 1983." While purchase order # 21416 did not contain any such reference to any quotation, Loranger's own brief references this order to Incoe quotation # 7948, and an examination of that quotation shows the same price as listed on Loranger's purchase order. In addition, we note that this was Loranger's fourth purchase from Incoe, and that in all three of the previous transactions Incoe's quotation/offer was accepted by Loranger's purchase order. Finally, we note that the time elapsing between quotation # 7948 and purchase order # 21416 was only 31 days, or only one day beyond the 30 day period.

■ Loranger next argues that purchase order numbers 21735 and 21738 constituted offers rather than acceptance because they were provided in response to oral quotations by Incoe. Once again, however, at least as to # 21738 Loranger's claim is belied by its own purchase order. That purchase order includes the following reference: "Per your quote # 8162." Finally as to purchase order # 21735, this order was identical to # 21416 and clearly stated such. As with # 2146 the course of dealing of the parties clearly reveals that this order was an acceptance of Incoe quotation # 7948.

Upon careful examination, we conclude that in each of the transactions in question, the terms and conditions of the Incoe quotations control, specifically the clause limiting Loranger's time for bringing an action to one year. We therefore turn our inquiry to whether Loranger complied with this term/condition. Loranger maintains that Incoe is estopped from invoking the limitation clause because Incoe through fraudulent representations induced Loranger to delay initiating this court action. *See Ciccarelli v. Carey Canadian Mines, Ltd.,* 757 F.2d 548, 556 (3d Cir.1985). Specifically Loranger maintains that Incoe made fraudulent representations that it would honor warranty obligations and make requested service calls when it had no intention of doing so, and that it fraudulently represented that it had experience in designing systems for use in conjunction with Zytel FR–50.

■ "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Furthermore, the burden of proving such fraud is upon the asserting party, and it must be established by evidence that is clear, precise, and convincing. *Nesbitt v. Erie Coach Company,* 416 Pa. 89, 204 A.2d 473 (1964).

■ In support of its allegations of fraud, Loranger presents the affidavits of two former employees of Incoe, and a letter dated July 30, 1985, from an Incoe vice president to Loranger's purchasing manager. The affidavits, however, solely relate to Incoe's general policy towards service requests during the period of 1978 thru July 1985. Neither the affidavits or the letter present any specific instances of Incoe's failure to respond to Loranger service requests. Similarily, the exhibits fail to evidence any representation by Incoe concerning its experience in designing systems for use in conjunction with Zytel FR–50. Finally, Loranger's allegations of fraud extend at the outside only until July 30, 1985 and as such do not excuse the failure to initiate this action within one year from that date. This action was not initiated until August 11, 1986.

Having found herein, no genuine issue of material fact concerning the applicability of the one year limitation of action clause, we conclude that Incoe is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56.

An appropriate order will be entered.

## ORDER

AND NOW, this 21st day of September, 1987, for the reasons set forth in the accompanying Opinion, IT IS ORDERED that the Defendant's Motion for Summary Judgment is GRANTED and the action is DISMISSED.