**DORIS BURTON, Plaintiff**
**vs.**
**FIRST BANK OF PUERTO RICO and CHASE MANHATTAN BANK,**
**Defendant**

Civil No. 554/2005

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

July 19, 2007

ALEXANDER DAWSON, ESQ., Legal Services of the Virgin Islands, St. Thomas, VI, *Attorney for the Plaintiff.*

CAROL ANN RICH, ESQ., Dudley, Clark and Chan, St. Thomas, VI, *Attorney for the Defendants.*

KENDALL, *Judge*

## MEMORANDUM OPINION

(July 19, 2007)

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" pursuant to FED. R. CIV. P. 12(b)(6), Plaintiff's Opposition and Defendant's Reply thereto. Based on the reasons stated below, the Motion will be granted.

17

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1990, Plaintiff Doris Burton executed a mortgage on her residence with Defendant Chase Manhattan Bank, LLC, for a term of fifteen (15) years in the amount of Twenty Thousand Dollars ($20,000.00). Under the mortgage agreement, her residence was insured against damage or casualty by Cunningham International ("Cunningham"). Co-defendant "First Bank of Puerto Rico" acquired Chase Manhattan in 2002 and is thereby a "successor in interest" to the original Defendant. In its Motion, Defendant Chase Manhattan identifies itself as "Chase Home Finance, LLC" (hereinafter "Chase").

In January, 1996, Cunningham compensated Plaintiff with a check for Eighteen Thousand Six Hundred and Eighty-Six Dollars ($18,686.00) after Hurricane Marilyn caused extensive damage to her residence. Plaintiff contends that on or about January 18, 1996, she indorsed that check to Defendant Chase to pay off her mortgage loan. The alleged payment was never credited to Plaintiff's account and the statements that she received thereafter between February, 1996, and the date when she filed her Complaint in October, 2005, did not adjust her balance accordingly. Although the parties dispute whether this payment would have fully satisfied her mortgage, they agree that her balance would have been significantly reduced had this check been deposited.

Plaintiff continued making regular monthly payments on her mortgage until November, 2004, when she realized that Defendant failed to deposit her check. She filed the two-Count Complaint herein in October, 2005, contending that Defendants: (1) are in Breach of Contract for failing to credit the aforementioned check to her mortgage, releasing her mortgage note or providing her with a full accounting and payment history, and (2) negligently failed to credit the check to her mortgage account and continued to negligently issue "inaccurate" monthly statements.

## II. ANALYSIS

### a. Standard of Review on a Motion to Dismiss

A "Motion to Dismiss" pursuant to FED. R. CIV. P. 12(b)(6) tests the complaint's sufficiency against preliminary defenses. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (citing *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 871 (3d Cir. 1992)); *see also* 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE

AND PROCEDURE § 1349 (3d ed. 2004). It is settled that a Court may not "dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *see also Environmental Ass'n v. Dep't of Planning*, 44 V.I. 218, 224 (Terr. Ct. 2002). The Court should accept all reasonable inferences drawn from the allegations in the complaint as true, but it need not accept "legal conclusions either alleged or inferred from the facts." *Kost*, 1 F.3d at 183; *see also Environmental Ass'n*, 44 V.I. at 224.

## b. Motion to Dismiss

With respect to Count One of the Complaint, Defendants contend that it should be dismissed because it was filed after the expiration of the applicable six-year Statute of Limitations period. *See* Title 5 V.I.C. § 31(3)(A). Specifically, Defendants contend that Plaintiff received notice of the alleged breach of contract in February, 1996, in her first statement after she allegedly endorsed the insurance check to Defendant Chase. She continued to receive notice of the alleged breach in each subsequent statement. In addition, Defendants contend that Plaintiff should have realized that her insurance check had not been deposited when she continued to make payments several months after her account would have been fully satisfied if it had been deposited. According to Defendants, the Statute of Limitations expired in February, 2002.

Plaintiff responds that the Court can only grant a "Motion to Dismiss" based on the timeliness of a claim if the facts establishing the expiration of the Statute of Limitations are apparent on the face of the complaint. Accordingly, Plaintiff contends that Count One should not be dismissed because the relevant facts are not apparent on the face of the complaint.

With respect to Count Two of the Complaint, Defendants contend that it should be dismissed as untimely because it is based on the "Breach of Contract" claim. Alternatively, Defendants contend that Count Two should be dismissed because it was filed after the two year Statute of Limitations period applicable to Tort claims. *See* Title 5 V.I.C. § 31(5)(A). Defendants further contend that the Statute of Limitations began running when Plaintiff first received notice of their allegedly tortious conduct i.e. the first time she received a faulty statement after allegedly indorsing the insurance check to Defendants.

19

Plaintiff responds that Count Two states a Tort claim under the "Special Obligation" rule, which permits a Tort claim despite a contractual obligation when the crux of their relationship is an independent duty underlying the tort claim. Plaintiff also contends that Count Two is timely under the "Discovery Rule" because the Statute of Limitations was only triggered when she discovered that Defendants failed to credit her account with the insurance check. She also contends that the claim is timely under the "Continuing Tort" theory because Defendants issued "tortiously" inaccurate statements every month.

### c. The "Statute of Limitations" defense can be raised on a "Motion to Dismiss."

■ Plaintiff argues that the Defendant can only raise the expiration of the Statute of Limitations as a defense to the extent it is readily apparent on the face of the complaint. Although an affirmative defense is normally asserted in a responsive pleading, a Motion to Dismiss may also test the timeliness of a complaint if the relevant facts are apparent therein. FED. R. CIV. P. 8; *see also Pepper-Reed Co. v. McBro Plan & Dev. Co.*, 19 V.I. 534, 537 (D.C.V.I. 1983) (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §§ 1277, 1349, 1357 (1st ed. 1969)).

■■ While the expiration of the Statute of Limitations often presents a question of fact, "where the facts are so clear that reasonable minds cannot differ, the commencement period may be determined as a matter of law." *Vitalo v. Cabot Corp.*, 399 F.3d 536, 543 (3d Cir. 2005). The traditional rule is that the Statute of Limitations on any cause of action generally begins to run on the occurrence of the essential facts that give rise to that cause of action. *See, e.g., Simmons v. Ocean*, 19 V.I. 232, 235 (D.C.V.I. 1982); *In Re Tutu Wells*, 29 V.I. 41, 57 (D.C.V.I. 1993).

### d. "Statute of Limitations" on a Breach of Contract claim

As a preliminary matter, the Court finds that the allegations in Plaintiff's complaint provide a time frame from which to ascertain when the period for the Statute of Limitations commenced. Although the Court relies upon documents such as the Plaintiff's billing statements, the complaint referred to these indisputably authentic documents, thus making them an operative component of Plaintiff's allegations. *See Pension Benefit Guaranty Corp. v. White Consol. Indus. Inc.*, 998 F.2d

1192, 1196 (3d Cir. 1993). Therefore, the Court's disposition of the Motion to Dismiss will be based solely on the facts alleged in the Complaint and apposite documents.

Pursuant to Title 5 V.I.C. § 31(3)(A), the Statute of Limitations on a claim for Breach of Contract in the Virgin Islands is six (6) years. The essential event that gives rise to this action is Defendants' alleged failure to deposit Plaintiff's insurance check in January, 1996. The facts relevant to evaluating the claim that the Statute of Limitations period expired are evident in the complaint and monthly billing statements, so the date of commencement of that period is ascertainable. Additionally, the Court does not need to base its conclusion on Plaintiff's claims but may make a finding about the commencement of the period as a matter of law "if reasonable minds cannot disagree" on this issue. *Vitalo*, 399 F.3d at 543.

█ The record indicates that Plaintiff was on notice that her check had not been deposited when she received a bank statement in February, 1996. Plaintiff does not deny that these bank statements did not show her "adjusted balance" after she deposited this check. The bank statements also clearly set forth her principal balance.[1] Additionally, Plaintiff continued making large monthly payments several months after her account should have been fully satisfied. Therefore, with respect to Count One, the Court finds unequivocally that the Statute of Limitations period commenced more than six years before it was filed and it is therefore untimely.

### e. "Statute of Limitations" on a Tort claim

Plaintiff also asserts a claim against Defendants for negligently failing to credit the insurance check to her account. Without deciding that Plaintiff can assert a Tort claim under the "Special Obligation" rule in this case, the Court finds that the Tort claim would also be untimely under the two-year Statute of Limitations applicable to Tort claims. *See* Title 5 V.I.C. § 31(5)(A). Plaintiff urges the Court to toll the Statute of Limitations under the "Discovery Rule" and the "Continuing Tort" doctrine and thereby find that this claim is timely.

█ In tort cases where the injury is latent or is not readily ascertainable, the "Discovery Rule" tolls the Statute of Limitations until the Plaintiff,

---

[1]  *See* Plt.'s "Notice of Filing Copies of Monthly Mortgage and Billing Statements."

21

exercising reasonable diligence, knows or should know the cause of his injury. *See Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 553 (3d Cir. 1985); *see also Seatrax, Inc. v. Sonbeck, Inc.*, 200 F.3d 358, 364 (5th Cir. 2000). The Discovery Rule relies on an objective standard rather than the individual's subjective knowledge of harm. Therefore, an individual must demonstrate reasonable diligence in ascertaining the source of an injury. *Ciccarelli*, 757 F.2d at 553.

■ This case does not warrant application of the Discovery Rule because Plaintiff has not sustained a latent injury or an injury that would be difficult to ascertain. Plaintiff's contention that she was injured by Defendants' failure to apply an insurance check to her account in 1996 clearly indicates an easily discoverable injury. Even if the Court applied the Discovery Rule, however, Plaintiff's claim would be untimely because she failed to exercise reasonable diligence to ascertain whether she had been injured. After Plaintiff deposited her insurance check, she admits that she continued to receive monthly statements and states that these statements were "incorrect" because they did not reflect the large payment she had made the previous month. Accordingly, as soon as Plaintiff received her first statement in February, 1996, she should have realized that her check had not been deposited. Instead, she continued to make monthly payments until November, 2004, and the record is devoid of any diligent inquiry by her to determine why her mortgage had not been satisfied. Under an objective standard, Plaintiff failed to exercise reasonable diligence.

■ Plaintiff also contends that her Tort claim is timely under the "Continuing Harm" doctrine. This Doctrine requires "continual unlawful acts (rather than) continual ill effects from an original violation." *Hodge v. Bluebeards Castle, Inc.*, 44 V.I. 242, 254 (Terr. Ct. 2002) (citing *Sandutch v. Muroski*, 684 F.2d 252 (3d Cir. 1982)). Plaintiff contends that Defendants continued committing unlawful acts every time they sent her misleading and incorrect monthly statements. Plaintiff's assertions are inconsistent because she contends on the one hand that these monthly statements injured her while also suggesting that she did not receive notice from these statements. Regardless of this inconsistency, there is no evidence of "continuing harm" in this case, unlike *Hodge*, 44 V.I. at 254, where Plaintiffs were harmed every time Defendants blocked access to their property.

■ Plaintiff concedes here that "these monthly statements did not reflect that her insurance check had been deposited" and suggests that each subsequent monthly statement was independently tortious because the balance excluded the insurance check that she allegedly indorsed to Defendants.[2] There is no basis for a "continuing harm" tort theory here because the bank statements were effects of the original alleged tort rather than independent torts. Therefore, Defendants' conduct can only be classified as the "ill-effects" of "original wrongdoing" rather than "continuing wrongdoing."

■ The Court is also aware that Plaintiff is an elderly woman who is not very sophisticated about financial matters. A lack of education, however, cannot justify her failure to exercise due diligence in ascertaining her injury and the accrual of her claim. *Joseph v. Hess Oil*, 671 F. Supp. 1043, 23 V.I. 301, 310 (D.C.V.I. 1989) (citing *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 556 (3d Cir. 1985)). The Statute of Limitations serves the important purpose of preventing undue delay in asserting a claim or right or the pursuit of a stale claim. *Benoit v. Daniel*, 21 V.I. 378, 382 (D.C.V.I. 1985). Based upon the foregoing, Plaintiff has failed to show that her Complaint was filed within the time required by law.

## CONCLUSION

It appearing to the Court that Plaintiff can prove no facts in support of her claim which would entitle her to relief, the Motion to Dismiss must be granted. An appropriate Order is attached hereto.

---

[2] "Mem. in Support of Plt's Opp. to Dft. Chase Home Finance LLC's Mot. to Dis." at 8.