GLD-098                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3210
_____

MUSTAFA ALI,
                                        Appellant

v.

ANDREW AMOROSO; PATRICK MCGINTY;
CHARLES BOYLE; SCOTT CARITA; SUSAN REARDON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-06113)
District Judge:  Honorable Legrome D. Davis
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2013

Before: FUENTES, FISHER and ROTH, Circuit Judges

(Opinion filed: March 7, 2013)
_____

OPINION
_____

PER CURIAM

    Pro se Appellant Mustafa Ali appeals from the July 23, 2012 order of the United

States District Court for the Eastern District of Pennsylvania.  We will affirm.

Because the parties are familiar with the background, we present only a summary here. In May 2007, Ali bought an Acura vehicle from the Davis Acura dealership. Ali made a car payment using a personal check, but the check did not clear. In July 2007, Scott Carita, then Davis Acura's finance manager, contacted Ali concerning the situation. Working with another Davis Acura employee, Ali arranged for his checking account to be debited to cover the amounts due. Meanwhile, Carita reported the bad check to the Middletown Township Police Department.

On October 4, 2007, in Philadelphia, an individual killed two people during the robbery of an armored car. A former Davis Acura employee later contacted the Philadelphia Police Department, stating that Davis Acura might have sold the vehicle depicted in a crime scene photo to a person who looked like the robbery suspect. The former employee provided information about the customer, noting that the customer's credit check had revealed a "terrorist alert" on his name. Philadelphia police then contacted Lieutenant Patrick McGinty of the Middletown Township Police Department. McGinty then conveyed the matter to Detective Andrew Amoroso, also of the Middletown Township Police Department. Upon learning that the robbery suspect was also accused of using a bad check when buying the car, Amoroso contacted Carita, who confirmed details of Ali's transaction at Davis Acura. Amoroso prepared an affidavit of probable cause stating that Ali had issued a bad check and that all attempts at contact to recoup the loss had failed. Amoroso obtained an arrest warrant for charges related to the bad check and transmitted it to the Philadelphia Police Department, who arrested Ali,

2

took him to police headquarters, and questioned him about and charged him with the Philadelphia crimes.

Later, while in custody in Bucks County, Ali was charged with theft by deception, receiving stolen property, and passing a bad check. Upon his appointed public defender's advice, he pleaded guilty to unintentionally passing a bad check. According to Ali, he did not receive any discovery materials from his attorney until May 2008, after pleading guilty, and he became aware that the arrest warrant was issued by Middletown Township police, not Philadelphia police. With that information, Ali immediately began pursuing relief in his Bucks County case to withdraw his guilty plea, ultimately succeeding in March 2011. Eventually, all of the charges relating to the bad check were dropped. Meanwhile, in February 2010, Ali was tried and convicted in Philadelphia for robbery and two counts of first-degree murder.

In September 2011, Ali filed his complaint against individually named detectives of the Middletown Township Police Department, detectives and officers of the Philadelphia Police Department, Davis Acura, Scott Carita, the tipster Susan Reardon, and two Bucks County public defenders. The Philadelphia Police defendants, Davis Acura, and the two Bucks County public defenders filed motions to dismiss. On February 21, 2012, in three separate orders, the District Court dismissed those defendants without prejudice, with allowance for Ali to file an amended complaint.

Ali filed an amended complaint in April 2012 against McGinty and Amoroso of the Middletown Township Police Department; seven detectives and one sergeant of the Philadelphia Police Department; Detective Charles Boyle, formerly of the Philadelphia

3

Police Department; Scott Carita, and Susan Reardon. Ali asserted state law claims of malicious prosecution and federal claims under 42 U.S.C. § 1985 of a conspiracy to deprive him of his civil rights.[1] All of the defendants except for Carita and Reardon (who were never served) filed new motions to dismiss; Defendant Boyle incorporated and relied on the arguments made by the Philadelphia Police defendants. Ali filed responses to the motions filed by the Philadelphia Police defendants and Amoroso and McGinty, but he did not file a response to Defendant Boyle's motion. On June 12, 2012, the District Court granted the motion to dismiss the claims against the Philadelphia Police defendants. By order entered July 23, 2012, the District Court dismissed Defendants Carita and Reardon for failure to serve, and in the alternative, dismissed the federal claims against them as time-barred and declined to exercise jurisdiction over the state law claims. Further, the District Court granted Defendant Boyle's motion to dismiss as unopposed, and in the alternative, dismissed the claims as time-barred. As for Defendants Amoroso and McGinty, the District Court granted their motion to dismiss as to the federal claims, concluding that the section 1985 claim was time-barred, and declined to exercise jurisdiction over the state law claims. This appeal followed.[2]

_____

[1] Ali also asserted derivative claims on behalf of his minor children, which, as the District Court noted, Ali consented to dismiss.

[2] In compliance with Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure, Ali's notice of appeal designates the District Court's July 23, 2012 order as the subject of the appeal, specifically noting the granting of the motion to dismiss filed by Defendants Amoroso and McGinty. Ali has not manifested any intent to appeal from the District Court's prior orders. Even if we were to construe Ali's notice of appeal as appealing from the District Court's June 12, 2012 order, see Shea v. Smith, 966 F.2d 127, 129 (3d

We have jurisdiction under 28 U.S.C. § 1291, and our review of an order granting a motion to dismiss is plenary. Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. See Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court's July 23, 2012 order provides a comprehensive analysis, which we will supplement only as follows.

The two-year statute of limitations for personal injury claims under Pennsylvania state law also applies to Ali's section 1985 conspiracy claim. See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989). As the District Court explained, his claim would have accrued when Ali knew or should have known of the alleged conspiracy between the Middletown Township and Philadelphia police defendants. See Dique v. N.J. State Police, 603 F.3d 181, 189 (3d Cir. 2010). Ali was arrested by Philadelphia police officers in 2007. According to his amended complaint, he became aware that the arrest warrant was issued from Middletown Township just after his May 2008 Bucks County guilty plea. Applying the two-year statute of limitations, Ali should have filed his complaint by May 2010, but he did not do so until September 2011.

In his notice of appeal, Ali notes his objection to the District Court's refusal to apply equitable tolling to the statute of limitations. State law generally governs tolling principles. See Dique, 603 F.3d at 185. In Pennsylvania, the statute of limitations may be tolled by the discovery rule or the fraudulent concealment doctrine. See Mest v. Cabot

_____

Cir. 1992), we would affirm the District Court's dismissal of the other defendants for substantially the same reasons given by the District Court.

Corp., 449 F.3d 502, 510, 516 (3d Cir. 2006). The discovery rule tolls the statute of limitations when an injury or its cause was not known or reasonably knowable "despite the exercise of due diligence." Id. at 510 (quoting Pocono Int'l Raceway v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). The fraudulent concealment doctrine tolls the statute of limitations when "through fraud or concealment the defendant causes the plaintiff to relax vigilance or deviate from the right of inquiry." Mest, 449 F.3d at 516 (quoting Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 556 (3d Cir. 1985)).

In opposing the motion to dismiss, Ali contended that the details of the two police departments working together were not revealed to him until January 2010, including names of the police officers and other information. Ali argued that he did not fail to exercise diligence, in light of his prompt attempts to withdraw his Bucks County guilty plea after becoming aware of the nature of the arrest warrant in May 2008. Ali also noted that his initial attempts to present his motions pro se were thwarted because he was still officially represented by counsel in his Bucks County case, and counsel was slow to engage in the matter. As the District Court pointed out, Ali certainly was aware in May 2008 that he had suffered some injury stemming from the circumstances of having been arrested by Philadelphia police for the Philadelphia crimes on the arrest warrant issued by the Middletown Township police. Indeed, by his own account, Ali immediately began pursuing relief from his Bucks County guilty plea based on that information, and with that diligence, he could have begun pursuing civil relief as well. The discovery rule does not apply here. To the extent that Ali argued that the fraudulent concealment doctrine should apply in light of the state court's failure to recognize his pro se filings while he

6

was represented by counsel, the argument is unavailing. Ali did not allege any acts of fraud or concealment by the defendants. See Mest, 449 F.3d at 516. We agree with the District Court's conclusion that Ali has not shown that the application of equitable tolling is justified here.

Lastly, Ali contends in his notice of appeal that the District Court erred by failing to convert the motion to dismiss into a motion for summary judgment. We discern no error here. See In re Rockefeller Center Properties, Inc. Securities Litig., 184 F.3d 280, 287 (3d Cir. 1999) (in ruling on a motion to dismiss, the District Court may consider certain material, including items integral to or explicitly relied upon in the complaint); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (court may consider undisputedly authentic documents attached as exhibits to a motion to dismiss if the plaintiff's claims are based on the documents). We add that the District Court properly dismissed the state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, we will affirm the District Court's judgment.