**DAIMLERCHRYSLER CORPORATION,**
Petitioner

v.

**COMMONWEALTH of Pennsylvania,**
**Respondent.**

**DaimlerChrysler Corporation,**
Petitioner

v.

**Commonwealth of Pennsylvania,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2005.
Decided Oct. 20, 2005.

Walter F. Kawalec, III, Cherry Hill, NJ, for petitioner.

Karen M. Gard, Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.

DaimlerChrysler Corporation (Seller) appeals from portions of two orders of the Board of Finance and Revenue denying its requests for refunds of sales tax paid on various vehicles it was required to repurchase from dissatisfied customers under the Pennsylvania Automobile Lemon Law (Lemon Law).[1]

This case has been consolidated from two separate appeals which have similar facts and the same issue on appeal. Both cases (279 F.R.2004 and 468 F.R.2004, respectively) involve Seller, a manufacturer and seller of Chrysler/Dodge vehicles, who repurchased its vehicles from individuals under Pennsylvania's Lemon Law. Under the Lemon Law, a purchaser of a vehicle may elect to receive a refund for a vehicle that cannot be repaired despite repeated

---

1. Act of March 28, 1984, P.L. 150, *as amend-* *ed,* 73 P.S. §§ 1951–1963.

attempts.[2] In that case, the manufacturer must provide the purchaser with the full purchase price, including sales tax, within 30 days of the election. In turn, the manufacturer then requests from the Department of Revenue a refund of the sales tax that was paid to the Commonwealth.[3]

In both cases here, Seller petitioned the Board of Appeals for a refund of the sales tax paid on vehicles it repurchased under the Lemon Law. In the first appeal, 279 F.R.2004, a refund of $64,689.95 was requested, but the Board of Appeals issued a decision and order granting a refund of $21,103.40 plus interest. The refund consisted of state tax totaling $20,878.39 and local tax of $225.02. Pursuant to Section 3003.1(a) of the Tax Code, 72 P.S. § 10003.1(a), the Board of Appeals denied a refund of $27,807.86 for 21 transactions where the original purchaser paid the sales tax more than three years before February 28, 2003, the date Seller filed the refund petition with the Board of Appeals. Similarly, under 468 F.R. 200 4, Seller

requested a refund of $26,630.86, but the Board of Appeals only granted a refund totaling $5,849.14 plus interest. Again, the Board of Appeals denied the refund of $20,781.72 for 15 transactions where the original purchaser paid the sales tax more than three years before October 27, 2003, the date Seller filed the refund petition with the Board of Appeals.

Seller filed an appeal from both decisions with the Board of Finance and Revenue (Board) which consolidated the appeals for disposition. Seller argued before the Board that its due process rights were violated by enforcing a three-year statute of limitations for filing a refund request, and it placed Seller in the anomalous position of having the statute of limitation on its right to a refund expire before the right to request that refund even accrued.[4] Seller also contended that the doctrine of equitable tolling[5] would ameliorate this problem by allowing the commencement of the statute of limitations to begin on the

2. Section 5 of the Lemon Law provides:

If the manufacturer fails to repair or correct a nonconformity after a reasonable number of attempts, the manufacturer shall, at the option of the purchaser, replace the motor vehicle with a comparable motor vehicle of equal value *or accept return of the vehicle from the purchaser and refund to the purchaser the full purchaser price or lease price, including all collateral charges* less a reasonable allowance for the purchaser's use of the vehicle not exceeding 10 cents per mile drive or 10% of the purchase price or lease price of the vehicle, whichever is less ... *In the event the consumer elects a refund, payment shall be made within 30 days of such election.* (Emphasis added.)

73 P.S. § 1955. As to when a purchaser may request the seller to repurchase a vehicle as a "lemon," that has to be made after a "reasonable number of [unsuccessful] attempts" are made by the seller to correct the same defect within the first year following delivery, the first 12,000 miles of use or dur-

ing the term of the warranty (which may vary from sale to sale). *See* Section 4 of the Lemon Law, 73 P.S. § 1954(a).

3. Section 252 of the Tax Reform Code of 1971 (Tax Code), Act of March 4, 1971, P.L. 6, 72 PS. § 7252, allows the purchaser or the original payer's assignee, in this case—Seller—to petition for a refund of the tax paid.

4. In the Commonwealth's brief, it explained that such a situation was a rare instance: "Twenty-two repurchases occurred one year or more before the limitation period expired. Eight repurchases occurred between eight and eleven months before the expiration of the limitation period. Two occurred three months before the expiration of the limitation period. Only three repurchases occurred after the limitations period had expired." (Commonwealth's brief at 7, nt. 3.)

5. The doctrine of equitable tolling is a statute of limitations when a party, through no fault of its own, is unable to assert its right in a timely manner.

date when the request for the refund was made.[6]

■ The Board issued a decision holding that pursuant to the Tax Code, 72 P.S. § 10003.1(a), Seller was required to file its petition within three years of actual payment of the tax, and it filed its petitions for refunds beyond the statutory time limitation for filing. The Board explained that a refund was to be within three years from the date that the tax was actually paid on the vehicle to the Commonwealth initially, not the date that Seller was entitled to a refund, i.e., the date a reimbursement was due to the consumer. This appeal by Seller followed. We have consolidated both appeals for disposition as well.[7]

■ Seller continues to maintain that the three-year statute of limitations under Section 3003.1(a) of the Tax Code violates due process because instead of being given three full years to petition for a refund, the amount of time during which it has to petition for a refund would be significantly reduced or in some cases eliminated completed, thereby depriving it of its property rights. The Commonwealth admits that it is quite possible that Seller would be deprived of requesting and receiving some refunds, but the three-year statutory limitation period is absolute as it is a statute of repose.

Although Seller is asking us to read the Lemon Law *in pari materia* with the Tax Code and make a special exception for it and, presumably, other car manufacturers because it sometimes has the misfortune of not always being able to file for refunds within the statutorily prescribed period, there is nothing in the Lemon Law that tolls or holds in abeyance the requirement that a refund be filed within three years of payment of the sales tax. Section 3003.1(a) of the Tax Code, 72 P.S. § 10003.1(a), is a general tax statute applying to a broad spectrum of taxpayers, whose purpose is to allow taxpayers who erroneously overpay taxes to obtain refunds, e.g., the overpayment of business taxes. It provides:

> (a) For a tax collected by the Department of Revenue, a taxpayer who has actually paid tax, interest or penalty to the Commonwealth or to an agent or licensee of the Commonwealth authorized to collect taxes may petition the Department of Revenue for refund or credit of the tax, interest or penalty. Except as otherwise provided by statute, **a petition for refund must be made to the department within three years of actual payment of the tax, interest or penalty.** (Emphasis added.)

■ As to whether this provision is a statute of repose, in *Miller v. Stroud Township and Stroud Township Sewer Authority*, 804 A.2d 749, 752 (Pa.Cmwlth.

---

**6.** Seller pointed out that under the Lemon Law, if a purchaser elected to receive a replacement vehicle instead of a cash refund, the sales tax paid on the returned vehicle would be fully creditable regardless of when the vehicle was returned after the original purchase was made. Nothing in the Lemon Law, however, supports Seller's allegation. Rather, in support of this statement, Seller cites Section 201(g)(2) of the Tax Code, 72 P.S. § 7201(g)(2), which provides: "There shall be deducted from the purchase price the value of any tangible personal property actually taken in trade or exchange in lieu of the whole or any part of the purchase price. For

the purpose of this clause, the amount allowed by reason of tangible personal property actually taken in trade or exchange shall be considered the value of such property."

**7.** "When reviewing a decision of the Board of Finance and Revenue, this Court has the broadest discretion because, although brought within our appellate jurisdiction, this court essentially performs the function of a trial court." *First Union National Bank v. Commonwealth of Pennsylvania*, 867 A.2d 711, 714, n. 11 (Pa.Cmwlth.2005).

2002), we explained the difference between a statute of repose and a statute of limitations:

> The difference between statutes of repose and statutes of limitations is that statutes of limitation[s] are procedural-devices which bar recovery on a viable cause of action, where statutes of repose are substantive in nature because they extinguish a cause of action and preclude its revival. In addition, statutes of limitation[s] begin to run from the time of an injurious occurrence or discovery of the same, **whereas statutes of repose run for a statutorily determined period of time after a definitely established event independent of an injurious occurrence or discovery of the same.**

Applying the above principles to the present case, because it prescribes a "statuto-rily determined period of time after a definitely established event," that is, a definitive amount of time in which one has to file a request for a refund—three years within the actual payment of the tax, it is a statute of repose. Due process does not demand that all taxpayers get a full three years to file for a refund or that they have three years from discovery or a right to file for a refund or are necessarily able to receive a refund at all.[8] Because it is a statute of repose, taxpayers' rights to a refund are extinguished and once quashed, due process demands nothing because there are no rights to "process."[9] *See also Ciccarelli v. Carey Canadian Mines, Ltd.,* 757 F.2d 548 (3rd Cir.1985).[10] Therefore, Seller's due process rights are not subject to equitable tolling as Seller suggests.

8. For example, DaimlerChrysler is not entitled to any sales tax refunds under Indiana's Lemon Law because the purpose of that state's Lemon Law is to give the consumer back exactly what it paid for as a result of the transaction and to have the manufacturer pay more than it ever received originally to suffer a financial discomfort to improve the quality of its products. *See DaimlerChrysler–Corporation v. Indiana Department of Revenue,* Indiana Tax Court, Cause No. 49T10–0307–TA–38, decided November 10, 2004, (2004 Ind. Tax LEXIS 105).

9. Because due process rights have been extinguished, the doctrine of equitable tolling is inapplicable. *See also U.S. v. Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997), which holds that the federal tax code does not allow equitable tolling even for taxpayers who fail to timely file for tax refunds not only because the language of the tax code does not allow for such exceptions, but because the IRS processes more than 200 million tax returns each year and refunds more than 90 million refunds, and to allow equitable tolling "could create serious administrative problems by forcing the IRS to respond to, and perhaps litigate, large numbers of late claims, accompanied by requests for 'equitable tolling' which, upon close inspection, might turn out to lack sufficient equitable justification." *Id.* at 352, 117 S.Ct. 849. In any event, we feel compelled to point out that there were 35 repurchases at issue in these consolidated appeals, but Seller only requested refunds for **three** of those 35 vehicles it repurchased which occurred after the limitation period had expired for a total refund amount under the Lemon Law of $3,669.93.

10. In *Ciccarelli,* the Court of Appeals addressed a similar issue regarding the statute of limitations in a wrongful death and survival action where a statute of limitations barred a cause of action when decedents had died more than two years before the date of the filing of the original action. The Court concluded that the prior statutes, as opposed to the current statutes, in effect for the wrongful death and survival actions applied, requiring the filing of a cause of action within one year of the death of an individual, and that the "discovery rule" did not toll the statute because specific Pennsylvania case law so precluded. Because the plaintiffs had filed their cause of action more than two years after the deaths of the decedents, they were time barred. Regarding the plaintiffs' complaint that the statute of limitations was unconstitutional, the Court of Appeals stated the following:

> There is no absolute and unlimited constitutional right of access to courts. All that is

Accordingly, the orders of the Board are affirmed.

### ORDER

AND NOW, this *20th* day of *October*, 2005, the orders of the Board of Finance and Revenue dated March 23, 2004, at No. 0304762, and May 25, 2004, at Nos. 0321912, 0322004, and 0322019, are affirmed. Judgment shall become final unless exceptions are filed within 30 days of this order pursuant to Pa. R.A.P. 1571(i).

### CONCURRING OPINION BY Judge LEADBETTER.

I join in the analysis of the well-reasoned majority opinion, but write separately to emphasize two points. First, I do not read this opinion to suggest that statutes of repose are immune from a due process analysis, but only that 1) they are not subject to equitable tolling and 2) the statute of repose involved here passes muster under the due process analysis set forth in *Ciccarelli.* Second, I believe the application of the three-year statute of repose in the lemon law context results in an unintended and inequitable consequence, but this result must be addressed by the General Assembly, not this court. Because the three-year limitation on filing refund requests is, on its face, both crystal clear and reasonable, this court must affirm the orders of the Board of Finance and Revenue.

required is a reasonable right of access—a reasonable opportunity to be heard. [Citations omitted.] As the Supreme Court has noted:

Statutes of limitations which "are found and approved in all systems of enlightened jurisprudence," *Wood v. Carpenter*, 101 U.S. [(11 Otto)] 135, 139 [25 L.Ed. 807] (1879), "represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 349 [64 S.Ct. 582, 586, 88 L.Ed. 788] (1944). These enactments are statutes of repose; and although affording plaintiffs what the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise. [Citations omitted.] ...

Similarly, the Court has recognized that statutes of limitations

Are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a "fundamental" right or what used to be called a "natural" right of the individual. He may, of course, have the protection of the policy while it exists, but the history of pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control. [Citation omitted.]

Other courts recently have upheld statutes that in effect extinguish claims before they accrue. Because statutory periods are in some sense arbitrary, the period to initiate suit occasionally expires before a claimant has sustained any injury, *see, e.g., Jewson v. Mayo Clinic*, 691 F.2d 405, 411 (8th Cir. 1982); *see also Dincher v. Marlin Firearms Co.*, 198 F.2d 821, 822–23 (2d Cir.1952), or before the claimant knows he has sustained an injury, *see e.g., Jewson*, 691 F.2d at 411; *Clark v. Gulesian*, 429 F.2d 405, 406 (1st Cir.1970), *cert. denied*, 400 U.S. 993, 91 S.Ct. 461, 27 L.Ed.2d 441 (1971). Such a statute does not violate due process if the limitation period is otherwise reasonable. [Citations omitted.]

*Ciccarelli*, 757 F.2d at 554–555.