927 A.2d 201

**DAIMLERCHRYSLER CORPORATION, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee,**

**Daimlerchrysler Corporation, Appellant,**

v.

**Commonwealth of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

June 25, 2007.

## ORDER

PER CURIAM.

**AND NOW,** this 25th day of June, 2007, the order of the Commonwealth Court is **AFFIRMED.**

Justice SAYLOR circulated a concurring statement in which Justice CASTILLE and BAER joined.

SAYLOR, Justice, concurring.

These consolidated appeals involve the interplay between the statutory limitations period set forth in the sales tax refund provisions of the Tax Reform Code of 1971 (the "Tax Code"),[1] and a requirement, contained within the Automobile Lemon Law (the "Lemon Law"),[2] that manufacturers and dealers refund sales tax to customers from whom they have repurchased defective automobiles. Although I join in affirming the Commonwealth Court's order, I would provide some additional explanation, as follows.

The facts are not in dispute. Under Section 5 of the Lemon Law, 73 P.S. § 1955, Appellant, DaimlerChrysler, was required to repurchase a number of vehicles and to refund collateral charges, including sales tax, to the original purchasers. As assignee of these purchasers, Appellant then requested refunds of the sales tax from the Department of Revenue's Board of Appeals (the "Board") pursuant to Section 252 of the Tax Code, 72 P.S. § 7252.[3] These petitions were subject to a

1. Act of March 4, 1971, P.L. 6, No. 2 (as amended 72 P.S. §§ 7101–10004).

2. Act of March 28, 1984, P.L. 150, No. 28 (as amended 73 P.S. §§ 1951–1963).

3. At the time Appellant filed its refund petitions, Section 252 provided in relevant part:

   The department shall … refund all taxes, interest and penalties paid to the Commonwealth under the provisions of this article and to which the Commonwealth is not rightfully entitled. Such refunds

three-year limitation period from the date of payment under Section 3003.1(a) of the Tax Code, 72 P.S. § 10003.1(a),[4] which provides as follows

> For a tax collected by the Department of Revenue, a taxpayer who has actually paid tax, interest or penalty to the Commonwealth or to an agent or licensee of the Commonwealth authorized to collect taxes may petition the Department of Revenue for refund or credit of the tax, interest or penalty. Except as otherwise provided by statute, a petition for refund must be made to the department within three years of actual payment of the tax, interest or penalty.

72 P.S. § 10003.1(a).

Appellant's petitions involved roughly 300 automobiles. The Board issued orders related to approximately eighty of these vehicles concluding that many of the requested refunds were time-barred under Section 3003.1(a). On appeal, the Board of Finance and Revenue consolidated the matters and affirmed.[5] Appeal was then taken to the Commonwealth Court, which reviewed the matter *de novo*. At this time, the parties entered into a stipulation of facts setting forth the repurchase dates of thirty-five defective automobiles and the corresponding dates on which Appellant filed refund petitions for the vehicles. *See* Reproduced Record at 39a, 56a. Appellant asserted that application of the limitations period violated due

shall be made to the person, his heirs, successors, assigns or other personal representatives, who actually paid the tax[.]
72 P.S. § 7252.

4. Section 3003.1(a) applied to the petitions pursuant to Section 253 of the Tax Code, 72 P.S. § 7253, which, at the time Appellant filed its refund petitions, provided in relevant part:

[T]he refund or credit of tax, interest or penalty provided for by section 252 shall be made only where the person who has actually paid the tax files a petition for refund with the [Department of Revenue] under section 3003.1.
72 P.S. § 7253.

5. The Board has subsequently issued decisions regarding Appellant's other refund claims, determining that many of them were also time-barred. Appellant appealed these decisions to the Board of Finance and Revenue, which stayed them pending the outcome of this appeal.

process by reducing the amount of time in which it could seek a tax refund and, in some cases, eliminating its ability to do so altogether. This occurred, Appellant argued, because the sales tax on the vehicles was considered paid from the time of the original purchase, whereas Appellant's right to a tax refund only accrued upon repurchase of the defective vehicles. Appellant therefore urged the court to utilize the doctrine of equitable tolling to permit its refund petitions to go forward.

A three-judge panel of the Commonwealth Court rejected Appellant's argument. *See DaimlerChrysler Corp. v. Commonwealth*, 885 A.2d 117 (Pa.Cmwlth.2005). In its opinion, a majority of the panel determined that Section 3003.1(a) constituted a statute of repose because it ran from the time of payment of the tax, a definitely established event existing independent of an injurious occurrence or the discovery of such an occurrence. As such, the majority concluded, Appellant's "rights to a refund are extinguished and once quashed, due process demands nothing because there are no rights to 'process.'" *Id.* at 121. Judge, now President Judge, Leadbetter filed a concurring opinion stating that, although she agreed with the majority that Section 3003.1(a) constituted a statute of repose, she would not take the majority opinion to hold that statutes of repose are generally immune from due process analysis, but only that the statute in question comported with constitutional requirements. *See id.* at 122 (Leadbetter, J., concurring). Judge Leadbetter also noted her concern that the application of Section 3003.1(a) to the Lemon Law resulted in an inequity, but concluded that this was a problem for the General Assembly to address. *See id.* at 122. Appellant filed exceptions to the court's order, which were overruled. This appeal followed.

Initially, I believe that the characterization of Section 3003.1(a) as a statute of repose is unnecessary, given that the time limit established under the statute is integral to the statutory provisions creating Appellant's entitlement to the tax refund. As I indicated in my concurring opinion in *Romaine v. WCAB (Bryn Mawr Chateau Nursing Home)*, 587 Pa. 471, 901 A.2d 477 (2006), where a statutory limitation

provision is not merely "one of general application spanning all similar actions, but rather, derives from a specific proviso within a statute giving rise to the right sought to be vindicated," a plaintiff must demonstrate that the action has been brought within the time limit in order to go forward, regardless of whether the provision is described as a statute of repose. *Id.* at 490, 901 A.2d at 488 (Saylor, J., concurring). I believe that Section 3003.1(a) represents such a statute, and that, in light of Appellant's failure to demonstrate the timeliness of its petitions, the requests are time-barred under the language of the statute itself.[6]

I also agree with Judge Leadbetter that the characterization of a statute as either one of repose and/or as an integral element of a statutory right or entitlement does not insulate it from due process scrutiny. Here, several of Appellant's vehicle repurchases occurred after the three-year time limit had expired and before Appellant's right to a refund accrued. Appellant was therefore without recourse under the refund statute. In such circumstances, it seems to me that the procedural due process concerns raised by Appellant are at least facially present. Thus, I believe that further review of the claim is warranted.

Due process is a flexible concept requiring procedural safeguards tailored to particular situations. *See, e.g., Burger v. Board of School Directors of McGuffey School District,* 576 Pa. 574, 586, 839 A.2d 1055, 1062 (2003). In assessing what process is due in an individual situation, courts consider the private interest affected by the state's actions, the risk of erroneous deprivation posed by the procedures used, any probable value that might be attained through alternative proceedings, and the governmental interest at stake, including any administrative and fiscal burdens that alternate procedures might generate. *See R. v. DPW,* 535 Pa. 440, 449, 636

6. I offer this perspective primarily as I believe that various judicial decisions categorizing statutory provisions as periods of repose versus limitations are sometimes confusing and inconsistent. *See, e.g., Romaine,* 587 Pa. at 489, 901 A.2d at 487 (Saylor, J., concurring) (observing that the *Romaine* Court majority effectively recast as a statute of repose a provision that was previously understood as a statute of limitations, without reference to the previous decisions).

A.2d 142, 146 (1994) (adopting the federal procedural due process analysis expressed in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

Presently, I believe that the exaction of the tax and retention of the tax monies constituted a deprivation of an important property right. That being said, however, it is well-settled that a statute is presumed to be constitutional and that a party seeking to challenge its constitutionality carries a heavy burden. *See, e.g., Erfer v. Commonwealth,* 568 Pa. 128, 137, 794 A.2d 325, 331 (2002).

In the present case, it seems clear that Appellant could not sustain a facial due process challenge to Section 3003.1(a). In this regard, the United States Supreme Court has recognized the need for reasonable procedural limitations applicable to tax refund claims—including "relatively short statutes of limitation"—as a means of insuring financial security in relation to state tax schemes. *McKesson Corporation v. Division of Alcoholic Beverages and Tobacco, Department of Business Regulation of Florida,* 496 U.S. 18, 45, 110 S.Ct. 2238, 2254, 110 L.Ed.2d 17 (1990) (stating, in *dicta,* that enforcement of fairly short limitation periods for tax refund claims is a constitutionally valid means of securing a state's interest in fiscal stability). Thus, the statute is plainly constitutional at least with regard to those categories of claims for which the statute provides a reasonable opportunity to obtain a refund.

The more difficult aspect of Appellant's claim relates to the repurchases that occurred after the expiration of the three-year period, as to which there is at least the possibility that Appellant lacked a reasonable opportunity to obtain a refund. In light of the heavy burden borne by one attempting to demonstrate an unconstitutional application of a statute, however, I believe that Appellant was required to do more than merely develop a timeline suggesting the possibility of unfairness.[7] Indeed, it is entirely possible that some or all of the delay between the initial purchase and repurchase of these

7. As noted, the record consists primarily of a stipulation of facts delineating the dates on which Appellant repurchased several of the automobiles in question and the corresponding dates on which it filed

618

vehicles is fairly attributable to Appellant and/or its agents or affiliates on account of their decisions to defend against legitimate claims. Absent further evidence regarding the circumstances underlying the individual transactions, it is impossible to discern the risk of erroneous deprivation posed by the statutory scheme in question, or the value that might result from the use of alternate procedures, as is required under the due process analysis set forth in *R. v. DPW,* 535 Pa. at 449, 636 A.2d at 146. In contrast, the Commonwealth's economic interest in avoiding unnecessary delay in the area of tax refund claims seems clear. Given this important consideration, and in the absence of anything more, I conclude that Appellant has failed to prove that the time limit set forth in Section 3003.1(a) has operated, in concert with the Lemon Law, to violate due process.

Justice CASTILLE and Justice BAER join this concurring statement.

refund petitions for those vehicles. It shows that three of the buy-backs occurred after expiration of the time limit. *See* Reproduced Record at 39a, 56a. The stipulation, however, provides no background information regarding the course of the underlying litigation, including due diligence on the part of Appellant and/or its agents or affiliates.