## CITY OF PHILADELPHIA and School District of Philadelphia

v.

## TAX REVIEW BOARD OF the CITY OF PHILADELPHIA to the use of PHILADELPHIA FRESH FOOD TERMINAL CORPORATION.

### Appeal of: Philadelphia Fresh Food Terminal Corporation.

Commonwealth Court of Pennsylvania.

Argued March 10, 2008.

Decided April 2, 2008.

---

John A. Adams, King of Prussia, for appellant.

Jane Lovitch Istvan, Philadelphia, for appellee, City of Philadelphia.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Philadelphia Fresh Food Terminal Corporation (Taxpayer) appeals from the June 12, 2007, order of the Court of Common Pleas of Philadelphia County (trial court), which reversed the decision of the Tax Review Board (Review Board) of the City of Philadelphia (City) granting Taxpayer's refund appeal. We affirm.

Taxpayer was a tenant in the property at 3301 South Galloway Street in the City during 2000 and 2001 and was responsible for the payment of Use and Occupancy Taxes to the City. Taxpayer paid the taxes as they came due based on the assessed value of the property at the time, as determined by the Board of Revision of Taxes (Tax Board). (Findings of Fact, Nos. 1, 3.)

In October 2004, Taxpayer filed a petition with the Tax Board to appeal *nunc pro tunc* the property's market and assessed values for the tax years 1997 through 2001. On December 17, 2004, the Tax Board decided to reduce the property's market value from $6,000,000 to $2,094,000, which resulted in a reduced Use and Occupancy Tax assessment. (Findings of Fact, No. 5.)

In January 2005, Taxpayer filed a petition with the City Department of Revenue (Department) for a refund of overpaid Use and Occupancy Taxes for the years 2000 and 2001. The Department denied the petition based on the three-year statute of limitations. Taxpayer appealed to the Review Board. (Findings of Fact, Nos. 7–8.)

The Review Board determined that Taxpayer was not barred by the three-year statute of limitations for the filing of tax refund requests. The Review Board first noted that, under section 19–1703(1)(d) of the Philadelphia Code, a tax refund request must be filed within three years of the tax payment **or the due date** of the tax. The Review Board concluded that the due date for Taxpayer's revised 2000 and 2001 Use and Occupancy Taxes was December 17, 2004, the date that the Tax Board reduced the property's market and assessed values. Having made that determination, the Review Board concluded that Taxpayer filed its January 2005 tax refund request within three years of the due date of the tax.

The City and the School District of Philadelphia (School District) appealed to the trial court, which reversed. The trial court began its analysis with section 19–1806(5) of the Philadelphia Code, which requires that Use and Occupancy Taxes be

paid at monthly intervals during occupancy of the property, and concluded that this provision establishes the due date of the tax. The trial court stated that the tax refund request provision at section 19–1703(1)(d) of the Philadelphia Code does not allow for any deviation from the due date; thus, the Tax Board's December 17, 2004, decision did not create a new due date. Taxpayer now appeals to this court.[1]

Taxpayer argues that the Tax Board's December 17, 2004, decision reducing the property's market and assessed values created a new due date for its Use and Occupancy Taxes, and, thus, the trial court erred in concluding that Taxpayer's tax refund request was barred by the three-year statute of limitations. We disagree.

Section 19–1703(1)(d) of the Philadelphia Code (emphasis added) provides, in pertinent part, as follows:

> Every petition for refund of moneys collected by the Department on or after January 1, 1980, for or on behalf of the City or the School District ... shall be filed with the Department **within 3 years from** the date of payment to the City or the School District ... or **the due date,** whichever is later.

Section 19–1806(5)(b) of the Philadelphia Code (emphasis added) states:

> Each landlord or other person authorized to collect rentals on premises, the use or occupancy of which is subject to tax under the Section, shall collect as agent for the School District ..., from each user or occupier the proper proportion of the user's or occupier's tax, at monthly, quarterly or semi-annual intervals ... and shall make a return and pay the total tax due from such user or occupier ... to the Commissioner at

> monthly, quarterly, or semi-annual intervals.... In the case of persons required to file returns and pay the tax due at monthly intervals, the returns shall be filed and the **tax due shall be paid by the twenty-fifth day of the month for which the tax is due.**

As the trial court indicated, this provision clearly sets forth the due date of the City's Use and Occupancy Tax.

In *DaimlerChrysler Corporation v. Commonwealth,* 885 A.2d 117, 121 (Pa. Cmwlth.2005) (quoting *Miller v. Stroud Township,* 804 A.2d 749, 752 (Pa.Cmwlth. 2002)), *aff'd,* 592 Pa. 612, 927 A.2d 201 (2007) (bolding in original) (italics added), this court distinguished between a statute of limitations and a statute of repose in a tax refund case where the tax refund petition was required to be filed within three years of actual payment of the tax, interest or penalty.

> The difference between statutes of repose and statutes of limitations is that statutes of limitations are procedural-devices which bar recovery on a viable cause of action, where statutes of repose are substantive in nature because they extinguish a cause of action and preclude its revival. In addition, statutes of limitations begin to run from the time of an injurious occurrence or discovery of the same, **whereas statutes of repose run for a statutorily determined period of time after a definitely established event independent of an injurious occurrence or discovery of the same.**

> Applying the above principles to the present case, because it prescribes a "statutorily determined period of time

---

**1.** Our scope of review where, as here, the trial court took no additional evidence, is limited to determining whether constitutional rights were violated, an error of law was committed or whether the Board's findings of fact are supported by substantial evidence. Section 754 of the Administrative Agency Law, 2 Pa. C.S. § 754.

after a definitely established event," that is, a *definitive amount of time in which one has to file a request for a refund— three years within the actual payment of the tax,* it is a statute of repose.... Because it is a statute of repose, taxpayers' rights to a refund are extinguished....

Here, section 19–1703(1)(d) of the Philadelphia Code establishes a definitive amount of time in which one has to file a refund request. Moreover, the three-year period begins to run after a definitively established event, the later of the payment date or the due date. Thus, section 19–1703(1)(d) is a statute of repose. Consequently, because Taxpayer paid his taxes by the due date, Taxpayer's right to a refund for taxes paid in 2000 and 2001 was extinguished by the end of 2004.[2]

Accordingly, we affirm.

### ORDER

AND NOW, this 2nd day of April, 2008, the order of the Court of Common Pleas of Philadelphia, dated June 12, 2007, is hereby affirmed.

**2.** We reject Taxpayer's argument that the December 17, 2004, decision of the Tax Board created a new due date. The Tax Board's decision only created new market and assessed values for the property. Moreover, Taxpayer owed no additional taxes on December 17, 2004; thus, December 17, 2004, could not be a tax due date. Finally, we are not persuaded by Taxpayer's argument that the City's refusal to issue a refund has the effect of reversing the Tax Board's un-appealed decision. The City was simply applying the three-year limitation on the filing of refund requests.