**[J-4A-2015, J-4B-2015, J-4C-2015 and J-4D-2015]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

**SAYLOR, C.J., EAKIN, BAER, TODD, STEVENS, JJ.**

| | |
|---|---|
| CITY OF PHILADELPHIA, | : No. 19 EAP 2014<br>: |
| Appellant | : Appeal from the order of Commonwealth<br>: Court entered on 11/18/2013, at No. 97<br>: C.D. 2013 (reargument denied |
| v. | : 01/07/2014), affirming the order dated<br>: 12/27/2012 of the Court of Common Pleas,<br>: Philadelphia County, Civil Division, at Nos. |
| CITY OF PHILADELPHIA TAX REVIEW<br>BOARD TO THE USE OF KEYSTONE<br>HEALTH PLAN EAST, INC., | : 3671, 3672, 3675, 3678, January Term<br>: 2012.<br>: |
| Appellee | : ARGUED:   March 10, 2015<br>: |
| CITY OF PHILADELPHIA, | :<br>: |
| Appellant | :<br>: |
| | :<br>: |
| v. | :<br>: |
| | :<br>: |
| CITY OF PHILADELPHIA TAX REVIEW<br>BOARD TO THE USE OF KEYSTONE<br>HEALTH PLAN EAST, INC., | :<br>:<br>: |
| Appellee | :<br>: |
| CITY OF PHILADELPHIA, | :<br>: |
| Appellant | :<br>: |
| | :<br>: |
| v. | :<br>: |
| | :<br>: |
| CITY OF PHILADELPHIA TAX REVIEW<br>BOARD TO THE USE OF QCC<br>INSURANCE COMPANY, | :<br>:<br>: |

Appellee                         :
                                 :
CITY OF PHILADELPHIA,            :
                                 :
         Appellant               :
                                 :
                                 :
         v.                      :
                                 :
                                 :
CITY OF PHILADELPHIA TAX REVIEW  :
BOARD TO THE USE OF QCC          :
INSURANCE COMPANY,               :
                                 :
         Appellee                :


CITY OF PHILADELPHIA,            : No. 20 EAP 2014
                                 :
         Appellant               : Appeal from the order of Commonwealth
                                 : Court entered on 11/18/2013, at No. 98
                                 : C.D. 2013 (reargument denied
         v.                      : 01/07/2014), affirming the order dated
                                 : 12/27/2012 of the Court of Common Pleas,
                                 : Philadelphia County, Civil Division, at Nos.
CITY OF PHILADELPHIA TAX REVIEW  : 3671, 3672, 3675, 3678, January Term
BOARD TO THE USE OF KEYSTONE     : 2012.
HEALTH PLAN EAST, INC.,          :
                                 : ARGUED:  March 10, 2015
         Appellee                :
                                 :
CITY OF PHILADELPHIA,            :
                                 :
         Appellant               :
                                 :
                                 :
         v.                      :
                                 :
                                 :
CITY OF PHILADELPHIA TAX REVIEW  :
BOARD TO THE USE OF KEYSTONE     :
HEALTH PLAN EAST, INC.,          :
                                 :
         Appellee                :
                                 :

CITY OF PHILADELPHIA,                          :
                                               :
      Appellant                       :
                                               :
                                               :
                                               :
      v.                              :
                                               :
                                               :
                                               :
CITY OF PHILADELPHIA TAX REVIEW :
BOARD   TO   THE   USE   OF   QCC :
INSURANCE COMPANY,                             :
                                               :
      Appellee                        :
                                               :
CITY OF PHILADELPHIA,                          :
                                               :
      Appellant                       :
                                               :
                                               :
                                               :
      v.                              :
                                               :
                                               :
                                               :
CITY OF PHILADELPHIA TAX REVIEW :
BOARD   TO   THE   USE   OF   QCC :
INSURANCE COMPANY,                             :
                                               :
      Appellee                        :

CITY OF PHILADELPHIA,             : No. 21 EAP 2014
                                  :
      Appellee          : Appeal from the order of Commonwealth
                                  : Court entered on 11/18/2013, at No. 97
                                  : C.D.   2013   (reargument   denied
      v.                : 01/07/2014), affirming the order dated
                                  : 12/27/2012 of the Court of Common Pleas,
                                  : Philadelphia County, Civil Division, at Nos.
CITY OF PHILADELPHIA TAX REVIEW : 3671, 3672, 3675, 3678, January Term
BOARD TO THE USE OF KEYSTONE : 2012.
HEALTH PLAN EAST, INC.,           :
                                  : ARGUED:   March 10, 2015
      Appellant         :
                                  :
CITY OF PHILADELPHIA,             :
                                  :
      Appellee          :

v.                              :
                                :
                                :
CITY OF PHILADELPHIA TAX REVIEW :
BOARD TO THE USE OF KEYSTONE :
HEALTH PLAN EAST, INC.,         :
                                :
          Appellant             :
                                :
   CITY OF PHILADELPHIA,        :
                                :
          Appellee              :
                                :
                                :
          v.                    :
                                :
                                :
CITY OF PHILADELPHIA TAX REVIEW :
BOARD TO THE USE OF QCC :
INSURANCE COMPANY,              :
                                :
          Appellant             :
                                :
   CITY OF PHILADELPHIA,        :
                                :
          Appellee              :
                                :
                                :
          v.                    :
                                :
                                :
CITY OF PHILADELPHIA TAX REVIEW :
BOARD TO THE USE OF QCC :
INSURANCE COMPANY,              :
                                :
          Appellant             :
                                :

CITY OF PHILADELPHIA,           : No. 22 EAP 2014
                                :
          Appellee              : Appeal from the order of Commonwealth
                                : Court entered on 11/18/2013, at No. 98
                                : C.D.  2013  (reargument  denied
          v.                    : 01/07/2014), affirming the order dated

CITY OF PHILADELPHIA TAX REVIEW : 12/27/2012 of the Court of Common Pleas,
BOARD TO THE USE OF KEYSTONE : Philadelphia County, Civil Division, at Nos.
HEALTH PLAN EAST, INC., : 3671, 3672, 3675, 3678, January Term
                                   : 2012.

        Appellant : ARGUED: March 10, 2015
                             :
  CITY OF PHILADELPHIA, :
                             :
        Appellee :
                             :
                             :
          v. :
                             :

CITY OF PHILADELPHIA TAX REVIEW :
BOARD TO THE USE OF KEYSTONE :
HEALTH PLAN EAST, INC., :
                             :
        Appellant :
                             :
  CITY OF PHILADELPHIA, :
                             :
        Appellee :
                             :
          v. :
                             :

CITY OF PHILADELPHIA TAX REVIEW :
BOARD TO THE USE OF QCC :
INSURANCE COMPANY, :
                             :
        Appellant :
  CITY OF PHILADELPHIA, :
                             :
        Appellee :
                             :
          v. :
                             :

CITY OF PHILADELPHIA TAX REVIEW :
BOARD TO THE USE OF QCC :

INSURANCE COMPANY,                    :
                                      :
                    Appellant         :

## OPINION

**MR. JUSTICE EAKIN**                    **DECIDED:    December 21, 2015**

These cross-appeals involve tax credits and refunds for overpayments of the City of Philadelphia's Business Privilege Tax (BPT). [1]    The City appeals from the Commonwealth Court's decision affirming the award of credits to Keystone Health Plan East, Inc., and QCC Insurance Company (collectively, Taxpayers), who appeal from the same decision affirming the denial of their refund requests.

In 1985, pursuant to the First Class City Business Tax Reform Act, 53 P.S. §§ 16181-16193, the City enacted the BPT, which taxes the gross receipts and net income of every person engaged in business within the City.   Phila. Code § 19-2603. Under Philadelphia Code § 19-2601, "person" includes corporations and "business" is defined as "[c]arrying on or exercising for gain or profit … any trade, business, … or commercial activity[.]"   Id.   As with federal income taxes, a tax return and payment are to be filed by April 15, which payment reflects the tax due for the prior year, less estimates and credits.   Also due that date is an estimated tax payment for the year ahead.   See BPT Regulations (BPTR) § 202A; Trial Court Opinion, 12/27/12, at 2.

Taxpayers, subsidiaries of Independence Blue Cross, engaged in business in the City and paid the BPT tax for years 2003 and 2004, in April 2004 and 2005, respectively; they received extensions and filed the actual BPT returns for those years in September 2004 and 2005, respectively.   In accordance with Philadelphia Code § 19-2601,

---

[1] In 2012, the BPT was renamed the Business Income and Receipts Tax; as this action was already begun, we will refer to the former name.

Taxpayers calculated their net income using their federal taxable income, commonly referred to as Method II.   Id., Net Income (a)(2); see also BPTR § 404(1)(a).   In 2008, the Internal Revenue Service (IRS) audited the federal tax returns of Independence Blue Cross and its subsidiaries, including Taxpayers.   The audit was concluded in February 2009, and revealed Taxpayers understated their deductions, and thus overstated their net income, for tax years 2003 and 2004.   As required by BPTR § 205, Taxpayers filed amended BPT returns, collectively requesting approximately $6.5 million in refunds. See id. (requiring taxpayer using federal method to file amended return within 75 days of "final determination of corrected net income" by IRS).

The Philadelphia Department of Revenue agreed Taxpayers overpaid their taxes, but denied the refund requests as untimely, citing Philadelphia Code § 19-1703(1)(d), which provides:

> Every petition for refund of moneys collected by the Department on or after January 1, 1980, for or on behalf of the City or the School District of Philadelphia, including but not limited to any tax, … shall be filed with the Department within 3 years from the date of payment to the City or the School District of Philadelphia or the due date, whichever is later.

Id. (emphasis added).

Taxpayers appealed to the Philadelphia Tax Review Board, arguing the net income corrections effectively reset § 19-1703(1)(d)'s "due date" since they had 75 days from the completion of the IRS audit to file the amended returns.   The Review Board rejected Taxpayers' argument, determining "due date" referred to the date the returns were initially due — April 15, 2004 and 2005, respectively.   Tax Review Board Decision, 4/11/12, at 3-4.   Notwithstanding this denial of refunds, the Review Board, sua sponte, awarded Taxpayers credits for their overpayments.   Specifically, the Review Board concluded that because Philadelphia Code § 19-2610 requires the Department to

establish regulations[2] for credits "to be granted on <u>any</u> overpayment of estimated tax payment," the Department was required to credit Taxpayers for overpayments for tax years 2003 and 2004. Tax Review Board Decision, 4/11/12, at 5 (quoting Phila. Code § 19-2610). Functionally, this meant Taxpayers received credits equal to their requested refunds. <u>See</u> N.T. Hearing, 12/29/11, at 8-11.

The trial court affirmed the Review Board's decision. The court agreed Taxpayers' refund requests were untimely but, unlike the Review Board, determined "due date" referred to the payment due date rather than the filing due date, finding § 19-1703(1)(d) was unambiguous because it did not mention returns. Trial Court Opinion, 12/27/12, at 6. While filing deadlines could be extended, and were here, the payment deadline remained April 15. The court further concluded no equitable exception to the three-year limitation applied because Philadelphia Code § 19-1703(1)(d) was a statute of repose, given that the provision delineated a period that began with a "definitively established event." Trial Court Opinion, 12/27/12, at 8. Similarly, because the "plain, unambiguous language" of § 19-2610 "clearly expresse[d an] entitlement to a credit for any overpayment without providing" a limitations period, the trial court affirmed the Review Board's credit determination. <u>Id.</u>, at 9. The court opined the dichotomy regarding a limitations period for refunds but not credits made sense because the City could prospectively budget for credits, whereas refunds constituted an immediate liability.

Both parties appealed, and a divided three-judge panel of the Commonwealth Court affirmed. Like the trial court, the Commonwealth Court determined the relevant

---

[2] Pursuant to § 19-2610, the Department enacted BPTR § 202A, which provides: "Any overpayment of the current tax year shall be applied first to the payment of an estimated tax for the tax year that follows or to other taxes due. A remaining balance, if any, shall be applied to future [BPT] years unless the taxpayer requests a refund amount." <u>Id.</u>

refund and credit provisions were unambiguous. The majority agreed the absence of "return" in § 19-1703(1)(d) supported the conclusion that "due date" referred to the payment due date; thus, Taxpayers' refund requests were untimely since they were not filed within three years of the payment due dates. The majority also agreed no equitable exception to the three-year limitation applied, observing the trial court's conclusion comported with case law. City of Philadelphia v. City of Phila. Tax Review Bd. ex rel. Keystone Health Plan East, Inc., Nos. 97-98 CD 2013, unpublished memorandum at 8-9 (Pa. Cmwlth. filed November 18, 2013) (citing City of Philadelphia v. Tax Review Bd. ex rel. Phila. Fresh Food Terminal Corp., 945 A.2d 802, 805 (Pa. Cmwlth. 2008) (concluding § 19-1703(1)(d) is statute of repose); Phila. Gas Works v. Commonwealth, 741 A.2d 841, 847 (Pa. Cmwlth. 1999) ("Neither the Board nor this [c]ourt has power to alter the explicit time limitation … in the [t]ax [c]ode based on equitable principles." (citation omitted)).

The majority further held the trial court did not err in affirming the award of credits. Specifically, the court rejected the City's argument that since Phila. Gas Works stated credits and refunds were interchangeable, § 19-1703(1)(d) applied logically to credits, as well as refunds. The court noted the underlying statute in Phila. Gas Works used the terms interchangeably, whereas the pertinent provisions in this matter used the terms distinctly. Moreover, as § 19-1703(1)(d) did not mention credits, the court reasoned the provision was unambiguous, and therefore, there was no need to ascertain legislative intent. And, even if the relevant provisions were ambiguous, the court concluded ambiguities were to be construed in Taxpayers' favor. Keystone Health, at 13 (citing Skepton v. Borough of Wilson, 755 A.2d 1267, 1270 (Pa. 2000)).

In dissent, President Judge Pellegrini agreed with the majority's refund determination but disagreed with its credit conclusion, remarking there was no functional

difference between credits and refunds because "in both [instances], someone has more money or less[.]" Id., at 2 (Pellegrini, P.J., dissenting). In his view, the majority's position led to an absurd result since a party could seek credits in perpetuity, rendering the refund limitation period meaningless. Id., at 3 n.2. We granted allowance of appeal to address both the credit and refund issues:

> Was President Judge Pellegrini correct in dissent that the majority's conclusion — that although there is a very strict three-year statute of limitations on requests for tax refunds, there is no statute of limitations at all on requests for tax credits — is "absurd" in that it allows taxpayers to pursue tax overpayments against the City "forever," without any limiting principles whatsoever?

> Whether, as a matter of law and equity, the Commonwealth Court correctly upheld the Philadelphia Court of Common Pleas by denying Taxpayers BPT refunds [under the circumstances].

City of Philadelphia v. City of Phila. Tax Review Bd. ex rel. Keystone Health Plan East, Inc., 93 A.3d 803 (Pa. 2014) (per curiam) (alteration in original).

Taxpayers present three core arguments regarding refunds: (1) BPTR § 205 resets the three-year limitation; (2) any ambiguity as to whether "due date" applies to a payment or a return should be construed against the City because § 19-1703(1)(d) is a taxing statute; and (3) even if the refund requests were untimely, an equitable exception applies under the doctrine of recoupment.[3]

First, Taxpayers aver BPTR § 205 when read in pari materia with § 19-1703(1)(d), dictates that the three-year limitation "must apply to all tax returns a taxpayer is required by law to file." Taxpayers' Brief, at 39. They submit their refund requests are timely because the three-year limitation either commences on the date the amended return is

---

[3] The doctrine allows "a party litigating a tax claim in a timely proceeding … [to] seek recoupment of a related, and inconsistent, but now time-barred tax claim relating to the same transaction." United States v. Dalm, 494 U.S. 596, 608 (1990).

due or is extended until the amended return's due date. As to their equitable argument, Taxpayers contend § 19-1703(1)(d) is a statute of limitations since it begins to run from the time of an injurious occurrence, namely, the overpayments, which they note were unknown until the IRS audit. Taxpayers maintain the net-income corrections and amended returns constitute a single transaction, see Household Consumer Disc. Co. v. Vespaziani, 415 A.2d 689, 694 (Pa. 1980) (observing recoupment claim and main tax claim must arise from single transaction or taxable event to merit application of recoupment doctrine), and thus equitable relief is warranted. Taxpayers' Brief, at 53.

Concerning credits, Taxpayers state applying the three-year limitation to claims for credits would effectively rewrite § 19-2610 and BPTR § 202A, as the former plainly allows a credit for any overpayment and neither provision provides a time limitation. Noting § 19-1703(1)(d) does not mention credits, they argue City Council could not have intended § 19-1703(1)(d) to apply to credits for overpayments because both the BPT and the relevant credit provisions were enacted after § 19-1703(1)(d). Finally, given that a taxpayer has a vested right to a refund but must continue to engage in business to actually receive a credit, Taxpayers submit credits and refunds are materially different.

The City initially notes a party seeking a credit or refund must strictly comply with the applicable provisions so as to prevent fiscal uncertainty as both remedies arise from "legislative grace." City's Brief, at 25. The City asserts the majority's conclusion allows credit requests in perpetuity. Remarking the decisions below placed too much emphasis on "any" in § 19-2610, the City argues the provision does not list a time limitation because it merely grants the Department authority to establish regulations for credits. Echoing President Judge Pelligrini, the City contends there is no meaningful distinction between the net effect of a credit and refund. The City argues the trial court's prospective budgeting distinction is flawed because the purpose of a time

limitation is to allow a governmental entity to conclusively extinguish a claim for retroactive payment — regardless of whether it is termed a credit or refund.

As to refunds, the City states the argument that BPTR § 205 resets the "due date" in § 19-1703(1)(d) is erroneous since § 19-1703(1)(d) concerns payments, not returns, and even if it does apply to returns, there is no indication the provision applies to amended returns. Further, the City argues Taxpayers' contention that BPTR § 205 and § 19-1703(1)(d) must be read in pari materia lacks merit because: (1) the provisions do not relate to the same subject; (2) allowing BPTR § 205 to serve as an exception would swallow the three-year limitation since the regulation also applies to self-amended federal returns; and (3) Taxpayers should have known they overpaid the City.

Lastly, whether § 19-1703(1)(d) is characterized as a statute of repose or a statute of limitations, the City asserts equitable relief is foreclosed. The City avers denying such relief is consistent with DaimlerChrysler Corp. v. Commonwealth, 885 A.2d 117, 120-21 (Pa. Cmwlth. 2005) (concluding state refund provision is statute of repose and thus rejecting refund request despite event giving rise to request occurring after time limitation lapsed), as well as then-Justice Saylor's concurring statement in our per curiam affirmance of that case, DaimlerChrysler Corp. v. Commonwealth, 927 A.2d 201, 203 (Pa. 2007) (Saylor, J., concurring) ("[W]here a statutory limitation provision is not merely 'one of general application spanning all similar actions, but rather, derives from a specific proviso within a statute giving rise to the right sought to be vindicated,' a plaintiff must demonstrate that the action has been brought within the time limit … regardless of whether the provision is described as a statute of repose." (citation omitted)).

As these issues involve matters of statutory interpretation, our standard of review is de novo, and our scope of review is plenary. Commonwealth v. Hacker, 15 A.3d 333, 335 (Pa. 2011) (citation omitted). In interpreting local ordinances, we apply rules of

statutory construction. See Bailey v. Zoning Bd. of Adjustment, 801 A.2d 492, 502 n.19 (Pa. 2002). The primary goal of statutory interpretation is to ascertain the intent of the enacting entity — presently, the Department and City Council. See 1 Pa.C.S. § 1921(a). Where a statute is unambiguous, its plain text will not be disregarded in furtherance of its spirit. Id., § 1921(b). Ambiguity arises where there are two or more reasonable interpretations. See Warrantech Consumer Prods. Servs., Inc. v. Reliance Ins. Co., 96 A.3d 346, 354-55 (Pa. 2014) ("A statute is ambiguous when there are at least two reasonable interpretations of the text under review." (citation omitted)). Where ambiguity is found, a court may consider the factors listed in 1 Pa.C.S. § 1921(c) to ascertain legislative intent. See id. Provisions imposing a tax are strictly construed, Id., § 1928(b)(3), with any ambiguity resolved against the taxing entity and in favor of the taxpayer, Greenwood Gaming & Entm't, Inc. v. Commonwealth, Dep't of Revenue, 90 A.3d 699, 710-11 (Pa. 2014).

Where a limitations period begins with a definitely established event that is independent of an injurious occurrence or discovery thereof, the statute is considered to be one of repose. See Abrams v. Pneumo Abex Corp., 981 A.2d 198, 211 (Pa. 2009). Unlike statutes of limitations, which are procedural, statutes of repose are substantive and thus wholly extinguish a party's cause of action upon the expiration of the time period. See id. (citation omitted).

Considering these principles, we hold Taxpayers are not entitled to refunds since their requests were not filed within three years of the date the BPT payments were due. As § 19-1703(1)(d) does not mention returns, we agree with the Commonwealth Court majority that the provision is unambiguous. The only reasonable interpretation is to confine § 19-1703(1)(d) to the later of (1) the date of payment or (2) payment due date. Applying § 19-1703(1)(d) to the return due date, much less an amended return's due

date, would insert words where they do not appear.  See Sears v. Wolf, 118 A.3d 1091, 1104 (Pa. 2015) (citation omitted).

Likewise, we reject Taxpayers' argument that BPTR § 205 resets the three-year limitation.  Statutes are considered in pari materia "when they relate to the same … class of persons or things."  1 Pa.C.S. § 1932(a).  If possible, statutes in pari materia "shall be construed together."  Id., § 1932(b).  We conclude § 19-1703(1)(d) and BPTR § 205 do not relate to the same class of things or persons.  Section 19-1703(1)(d) deals with a petition for a refund for any tax collected by the City or the Philadelphia School District.  See Phila. Code § 19-1703(1)(d).  In contrast, BPTR § 205 encompasses the requirement to file an amended BPT return in limited situations.  Moreover, while § 19-1703(1)(d) deals with City taxpayers generally, BPTR § 205 applies to a discrete class of City taxpayers, i.e., Method II BPT filers whose net income was subsequently adjusted.  Broadly, both provisions deal with City taxpayers, but adopting Taxpayers' logic would require every City tax provision and Department regulation to be read in pari materia — an untenable result given the diverse spectrum of taxes the City imposes. See generally Phila. Code, Title 19 (listing over 30 types of taxes).

Further, even if statutes are in pari materia, construing them together is required only "if possible."  1 Pa.C.S. § 1932(b).  As stated by the City, construing § 19-1703(1)(d) and BPTR § 205 as one provision would allow a narrow circumstance to swallow the general three-year limitation.  As evidenced by their suggestion that the three-year limitation either commences on the due date of the amended return or is extended until the amended return's due date, even Taxpayers cannot specify the precise result of reading the two provisions together.  Under the former, Taxpayers would have had until 2012 to file their refund requests.  Thus, we are unpersuaded by the argument that BPTR § 205 resets the three-year limitation in § 19-1703(1)(d).

Moreover, assuming arguendo § 19-1703(1)(d) is ambiguous, we are not required to construe the statute in Taxpayers' favor. Only ambiguous provisions that impose a tax are to be construed in a taxpayer's favor. See 1 Pa.C.S. § 1928(b)(3); Greenwood Gaming, at 710-11. Rather than imposing a tax, § 19-1703(1)(d) defines a time limitation for seeking a refund. Relatedly, we conclude § 19-1703(1)(d) is a statute of repose and thus reject Taxpayers' equitable argument. The Commonwealth Court has previously addressed this issue. See Phila. Fresh Food, at 805 ("[S]ection 19-1703(1)(d) is a statute of repose."). As mentioned supra, a statute of repose delineates a defined time that begins with a definitely established event, independent of the injury or its discovery. Abrams, at 211; see also Phila. Fresh Food, at 805. Contrary to Taxpayers' position, the three-year limitation does not commence with the overpayments they claim are an injurious occurrence or discovery thereof. Instead, § 19-1703(1)(d) begins with a definite and independent event — the later of the payment date or the payment due date — and runs for three years. Hence, Taxpayers' ability to pursue refunds was extinguished in 2007 and 2008, respectively, and relief under the recoupment doctrine is unwarranted. See Taxpayers' Brief, at 58 n.12 (conceding argument under recoupment doctrine would be "affected" if § 19-1703(1)(d) is statute of repose).

Applying these same principles to credits, we hold the Commonwealth Court did not err in affirming the Review Board's award of credits to Taxpayers. Ambiguity here is found only if credits and refunds are the same thing, and whatever their similarities, they are not. "Store credit" is not the same as "your money back."

The pertinent provisions discuss terms of "credits" and "refunds" distinctly. Section 19-1703(1)(d) discusses refunds. Section 19-2610 and its progeny, BPTR § 202A, see n.2, supra, discuss "credits to be granted on any overpayment of [an]

estimated tax payment." Phila. Code § 19-2610. Whereas a refund involves an immediate liability to be paid by the City, a credit is an offset against future liability owed to the City. Stated otherwise, a refund must be paid promptly, while a credit allows the City to prospectively budget the liability — a difference we find material. There being no time limitation listed within the credit provisions, it is unreasonable to impute § 19-1703(1)(d)'s three-year limitation on claims for refunds to claims for credits — to do so would impermissibly rewrite the relevant provisions to insert a term where it does not exist. See Allright Auto Parks, Inc. v. Zoning Bd. of Adjustment, 529 A.2d 546, 551 (Pa. Cmwlth. 1987) ("[J]udicial rewriting … however well intended [is] not legally warranted."). Accordingly, as there is no ambiguity, there is no need to consider the matters listed in 1 Pa.C.S. § 1921(c) to further ascertain legislative intent. See Keystone Health, at 12 n.6 ("Here, there is no need to ascertain City Council's intent. The word 'credit' is not present.").[4]

Discerning no ambiguity within the relevant provisions, which provide a time limitation only for refunds, we affirm the decision of the Commonwealth Court in full.

Order affirmed; jurisdiction relinquished.

Madame Justice Todd and Mr. Justice Stevens join the opinion.

Mr. Chief Justice Saylor files a concurring and dissenting opinion in which Mr. Justice Baer joins.

---

[4] To the extent the panel majority opined that even if the provisions were ambiguous, they were to be construed in Taxpayers' favor, id., at 13, the court erred. Like § 19-1703(1)(d), neither § 19-2610 nor BPTR § 202A imposes a tax, and thus, there is no requirement the provisions be construed in Taxpayers' favor.