**IN THE SUPERIOR COURT**
**OF THE VIRGIN ISLANDS**

**FILED**
June 12, 2026 11:54 AM
ST-2022-CV-00323
**TAMARA CHARLES**
**CLERK OF THE COURT**



**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| ST. THOMAS CARGO & SHIP SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> LAMAR CONTRACTORS, LLC and STEVE LOUQUE, <br><br> Defendants. | CASE NO. ST-2022-CV-00323 <br><br> ACTION FOR BEACH OF CONTRACT AND DETRIMENTAL RELIANCE |

### 2026 VI Super 26U[1]

**MARK W. ECKARD, ESQUIRE**
**RAINES FELDMAN LITTRELL, LLP**
**Wilmington, Delaware**
*Counsel for Plaintiff, St. Thomas Cargo & Ship Services*

**DAVID J. CATTIE, ESQUIRE**
**THE CATTIE LAW FIRM, P.C.**
**St. Thomas, VI**
*Counsel for Defendants, Lamar Contractors, LLC and Steven Louque*

### <u>MEMORANDUM OPINION AND ORDER</u>

¶1     **THIS MATTER** is before the court on the following:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, filed February 18, 2024;

2. Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, filed March 7, 2024; and

---

[1] This opinion has been designated unpublished for several reasons. First and foremost, there is little binding precedent from the Virgin Islands Supreme Court addressing maritime issues and demurrage claims. In the absence of factually analogous opinions providing either binding or highly persuasive precedent, the Court finds it wiser to not bind itself to this decision. However, given the novelty of the issue and facts, having this decision available for reference and further citation is useful. Therefore, an unpublished opinion is warranted.

3. Defendants' Response to Opposition to Motion to Dismiss Plaintiff's Second Amended

    Complaint, filed March 11, 2024.

For the reasons outlined below, Defendants' Motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      On September 28, 2022, Plaintiff St. Thomas Cargo & Ship Services, Inc., filed a

Complaint against Defendants Lamar Contractors, LLC ("Lamar"), Doug Campbell ("Campbell"),

and Steve Louque ("Louque").

¶3      The initial Complaint alleged two causes of action: 1) Debt and Breach of Contract against

Defendant Lamar and 2) Detrimental Reliance against Defendants Louque and Campbell. On

November 4, 2022, Plaintiff filed a First Amended Complaint which removed Defendant Campbell

as a party and on October 31, 2023, Defendants filed a Motion to Dismiss Plaintiff's First Amended

Complaint, which the Plaintiff filed an opposition to on December 5, 2023.

¶4      On December 20, 2023, the Plaintiff filed a Second Amended Complaint. The Second

Amended Complaint included three causes of action: 1) Breach of Contract against Defendant

Lamar; 2) Debt against Defendant Lamar; and 3) Promissory Estoppel against Defendants Lamar

and Louque.  The Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint

on February 18, 2024, and the Plaintiff filed an opposition on March 7, 2024. The Defendants filed

a response to the Plaintiff's opposition on March 11, 2024.

¶5      In its Second Amended Complaint, Plaintiff alleges that in the Spring of 2018, Defendant

Lamar engaged Plaintiff to ship goods from the Mainland United States to St. Thomas and

*St. Thomas Cargo & Ship Services v. Lamar Contractor et. al.*
Case No. ST-2022-CV-00323
Memorandum Opinion and Order
Page 3 of 12

2026 VI Super 26U

performed Contracted Services for Defendant Lamar.[2] Plaintiff further alleges that "Defendant Steven Louque is, or was, a project manager for Defendant Lamar Contractors."[3]

¶6     Plaintiff asserts that it began providing services for Defendant Lamar but as there was a large quantity of shipments of goods and supplies, it refused to continue shipping services without personal assurances from Defendant Louque that Defendant Lamar would pay the amount owed.[4] Defendant Louque is purported to have given those assurances.[5]

¶7     According to Plaintiff, the amount owed for services rendered totaled $1,533,233.51.[6] Plaintiff claims that Defendant Lamar has not paid the outstanding balance and that Plaintiff would not have continued to provide services to Defendant Lamar but for the promises made by Defendant Louque.[7] Plaintiff also asserts that "Defendant Steven Louque, acting in his capacity as agent of Defendant Lamar Contractors, repeatedly promised Plaintiff that Lamar would pay for the shipping and logistics services provided by Plaintiff to Defendant Lamar Contractors."[8]

¶8     The Court held a motions hearing for the Parties to present oral arguments on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint on March 18, 2026. After the arguments were presented, the Motion was taken under advisement. Now for the reasons outlined below, the Court will grant Defendants' Motion to Dismiss.

---

[2] Pl. Second Amended Compl., at ¶¶ 11, 12.

[3] *Id.* at ¶ 13.

[4] *Id.* at ¶ 14.

[5] *Id.* at ¶ 15.

[6] *Id.* at ¶ 7.

[7] *Id.* at ¶¶ 18, 19.

[8] *Id.* at ¶ 32.

*St. Thomas Cargo & Ship Services v. Lamar Contractor et. al.*
Case No. ST-2022-CV-00323
Memorandum Opinion and Order
Page 4 of 12

2026 VI Super 26U

## LEGAL STANDARD

¶9      Virgin Islands Rules of Civil Procedure Rule 12(b)(1) allows a party to assert by motion the defense that the Court lacks subject matter jurisdiction. Any challenges to the Court's jurisdiction must be addressed before any remaining challenges.

¶10     Rule 12(b)(6) of the Virgin Islands Rules of Civil Procedure allows a party to move for dismissal of a complaint based on a "failure to state a claim upon which relief can be granted."[9] The motion to dismiss for failure to state a claim tests the sufficiency of the complaint and does not ask the court to address the merits.[10] The Virgin Islands is a notice pleading jurisdiction which means that "a complaint is sufficient so long as it adequately alleges facts that put an accused party on notice of claims brought against it."[11] In such jurisdictions, "the purpose of a notice pleading standard is to 'avoid dismissals of cases based on failure to allege specific facts which, if established, plausibly entitle the pleader to relief.'"[12] Since the purpose of a motion to dismiss at this stage is to test the sufficiency of a complaint and not the truth of the facts alleged, the plaintiff "merely needs to provide a basic legal and factual basis for his claim to put a defendant on fair notice of the claims brought against him."[13]

---

[9] V.I. R. Civ. P. 12(b)(6); *see also Arellano v. Rich*, 70 V.I. 696, 709-10 (V.I. Super. Ct. 2019).

[10] *Oliver v. Terminix International Co.*, 73 V.I. 210, 214 (V.I. Super. Ct. 2020) (citing *United Corp. v. Hamed*, 64 V.I. 297, 306 (V.I. 2016) and *Burton v. First Bank of Puerto Rico*, 49 V.I. 16, 20 (V.I. Super. Ct. 2007)).

[11] *See* V.I.R. Civ. P. 8; *see also Mills-Williams v. Mapp*, 67 V.I. 574, 585 (V.I. 2017) (clarifying that the Virgin Islands has abolished the 3-part *Twombly* plausibility standard established by the United States Supreme Court).

[12] *Basic Services, Inc. v. Government of the Virgin Islands*, 71 V.I. 652, 659 (V.I. 2019) (quoting *Mills-Williams*, 67 V.I. at 585).

[13] *Bryan v. Wenhaven, Inc.*, No. ST-18-CV-375, 2020 V.I. LEXIS 87, at *5 (V.I. Super. Ct. 2020) (stating that pleadings "must be fatally defective before they may be rejected as insufficient").

*St. Thomas Cargo & Ship Services v. Lamar Contractor et. al.*
Case No. ST-2022-CV-00323
Memorandum Opinion and Order
Page 5 of 12

2026 VI Super 26U

¶11    Accordingly, given that the court is not considering the merits or strength of the claims asserted in the Second Amended Complaint in a Rule 12(b)(6) motion, the scope of its analysis is, generally, limited to the matters presented through the pleading(s).[14]

## ANALYSIS

¶12    The Defendants raise four issues before the Court.  The Court will address each one individually.  The four issues are whether: (1) the Court has jurisdiction over Plaintiff's claims; (2) Plaintiff's claims are barred by the statute of limitations; (3) Plaintiff fails to state a claim for breach of contract, debt or promissory estoppel; and (4) Defendant Louque cannot be held liable as agent for Defendant Lamar.

### A.  **DEFENDANTS CONCEDE TO THE COURT'S JURISDICITON**

¶13    At oral arguments, Defendants' counsel advised the Court that Defendants concede that this Court has jurisdiction. Therefore, the Court need not analysis whether it has jurisdiction and shall proceed to address the remaining issues raised by Defendants.

### B.  **PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS**

¶14    As to the statute of limitations, Defendants argue that Plaintiff failed to file within eighteen (18) months, which is the statute of limitations period set forth in federal maritime law.[15] This argument was raised in Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, filed February 18, 2024. Plaintiff's Motion to Amend Complaint was granted on January 26, 2024. However, Defendants initially raised a Statute of Limitations defense on October 31, 2023, in their

---

[14] *Nigg v. Marriot Hotel Management Company (Virgin Islands)*, 2025 VI Super 5, ¶ 6.

[15] Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, at p. 6.

first response to Plaintiff's Amended Complaint, filed November 4, 2022. A party that is asserting Statute of Limitations as a defense must be timely, usually by raising it in its first response to the complaint.[16] Failure to do so results in waiver.[17] On September 20, 2023, Defendants' counsel entered a Notice of Appearance and soon thereafter, on October 31, 2023, Defendants filed a Motion to Dismiss Plaintiff's First Amend Complaint thereby raising a Statute of Limitations defense in their first response to the Amended Complaint. Therefore, the Court finds that Defendants timely raised the statute of limitation defense and did not waive their right to argue a violation of the statute of limitations.

¶15     Article III, § 2, of the United States Constitution grants jurisdiction over all cases of admiralty and maritime jurisdiction to federal courts, and is applicable to local courts.[18] Pursuant to Title 28 U.S.C.S. §1333(1), "[t]he district courts shall have original jurisdiction, exclusive of the States, of: (1) any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are other entitled. "[19] Known as the Saving to Suitors clause, this grants local courts in personam jurisdiction concurrent with federal courts.[20] A court has admiralty jurisdiction over a shipping contract if the contract's "primary objective is to accomplish the transportation of goods by sea."[21] For a contract to implicate maritime law,

---

[16] *Yusuf v. Hamed*, 59 V.I. 841, 849 n.4 (V.I. 2013).

[17] *Jensen v. V.I. Water & Power Auth.*, 52 V.I. 435, 442 (V.I. 2009); Fed. R. Civ. P. 8(c)).

[18] U.S. Const. art. III, § 2.

[19] 28 U.S.C.S.133 § 1333(1).

[20] *Red Cross Line* v. *Atlantic Fruit Co.*, 264 U.S. 109, 123, (1924).

[21] *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24, 125 S. Ct. 385, 160 L. Ed. 2d 283 (2004).

*St. Thomas Cargo & Ship Services v. Lamar Contractor et. al.*
Case No. ST-2022-CV-00323
Memorandum Opinion and Order
Page 7 of 12

2026 VI Super 26U

therefore, the nature and character of the contract must reference maritime services or maritime transactions.[22] Since Plaintiff states in its Second Amended Complaint that it contracted with Defendant Lamar to ship goods to St Thomas, maritime law is clearly implicated.[23]

¶16    Under the Saving to Suitors clause, federal maritime law generally governs substantive issues, such as statute of limitations, and local law governs procedural issues.[24] The "reverse - Erie" doctrine requires substantive remedies proscribed by local courts to be in concert with the maritime standards established under federal law.[25] If the Plaintiff does not specifically bring an action under maritime law, the Saving to Suitors clause permits that matter to be heard in a local court "only if [the court] safeguards certain procedural rights and utilizes substantive local law that is not in conflict with maritime law."[26] This allows the case to proceed without having to be removed to federal court.[27] Virgin Islands Courts have affirmed that the Saving to Suitors clause allows a plaintiff to bring a maritime action in local court while using substantive local law that does not conflict with federal maritime law.[28]

¶17    Regarding demurrage claims specifically, where there is no statute of limitations outlined by statute, "courts apply the limitations period of the most analogous state law cause of action to

---

[22] *Id.*

[23] Second Amended Compl., at p.1.

[24] *Thomas v. Transportation Services of St. John, Inc.*, 47 V.I. 130 (2005).

[25] *Leach v. Cruise Ship Excursions, Inc.*, 2019 VI SUPER 110U (2019).

[26] *Shuster v. Barracuda Charters, LLC*, 72 V.I. 382, 388 (Super. Ct. 2020).

[27] *Id.*

[28] *Hendricks v. Transp. Servs. of St. John*, 41 V.I. 21 (1999).

*St. Thomas Cargo & Ship Services v. Lamar Contractor et. al.*
Case No. ST-2022-CV-00323
Memorandum Opinion and Order
Page 8 of 12

2026 VI Super 26U

the instant claim to determine the applicable statute of limitations."[29] However, a "narrow" exception applies "'when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes. . .'"[30] Furthermore, federal courts have established that "the eighteen-month statute of limitations contained in the Interstate Commerce Commission Termination Act (ICCTA) is the presumptive benchmark for the [demurrage] claims."[31] In *St. Luce v. Transportation Services of St. John,* the Virgin Islands Territorial Court affirmed that the savings clause binds local courts to the federal laws of admiralty while saving judicial competence to hear maritime matters.[32]

¶18     Section 2-503 of the Virgin Islands Commercial Code (VICC) states that for tender of delivery to be considered effective, the seller must put and "hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery." V.I. Code Ann. tit. 11A, § 2-503. Although Plaintiff argued that tender did not occur because Defendant Lamar did not receive the shipment and Plaintiff continued to store it on its behalf, the VICC clearly defines tender as the time at which the goods are placed at the buyer's disposition, not the time when the goods depart the possession of the seller. As a result, the statute of limitations began to run at the time that Plaintiff made the goods available to Defendant Lamar

---

[29] *Graham County Soil & Water Conservation Dist. v. United States,* 545 U.S. 409, 417, 125 S. Ct. 2444, 162 L. Ed. 2d 390 (2005).

[30] *Sandberg v. KPMG Peat Marwick, L.L.P.,* 111 F.3d 331, 336 (2d Cir. 1997) (quoting *Reed v. United Transp. Union,* 488 U.S. 319, 324, 109 S. Ct. 621, 102 L. Ed. 2d 665 (1989)).

[31] *TAG/ICIB Servs. v. Pan Am. Grain Co.,* 215 F.3d 172, 177 (1st Cir. 2000).

[32] *St. Luce v. Transp. Servs. of St. John,* 2005 V.I. LEXIS 63.

*St. Thomas Cargo & Ship Services v. Lamar Contractor et. al.*
Case No. ST-2022-CV-00323
Memorandum Opinion and Order
Page 9 of 12

2026 VI Super 26U

in 2018.[33] Since Plaintiff did not file until September 28, 2022, the 18-month statute of limitations set by the ICCTA expired and Plaintiff's claims are barred. Since the action is timed barred, all issues in the underlying claim will be dismissed.

## C. **FAILURE TO STATE A CLAIM FOR BREACH OF CONTRACT, DEBT AND PROMISSORY ESTOPPEL**

¶19    In addition to raising a statute of limitations defense, Defendants also argued that Plaintiff's Second Amended Complaint should be dismissed for failure to state a claim on which relief can be granted.[34] Defendants contend that Plaintiff failed to sufficiently allege facts that would demonstrate a breach of contract between the parties, a claim for debt, or a claim for promissory estoppel.[35] However, as the Court has already found that the 18-month Statute of Limitations applies, there is no need to address whether the remaining counts should be dismissed for failure to state a claim. Once a court has determined that an action is time barred, the other issues raised within that action can be disposed of.[36]

## D. **DEFENDANT LOUQUE CANNOT BE HELD LIABLE AS AGENT FOR DEFENDANT LAMAR**

¶20    Defendant Louque argues that as an agent for Defendant Lamar, he cannot be held liable for any alleged agreements with Plaintiff. Defendant further argues that Plaintiff made no

---

[33] Plaintiff, in its Second Amended Complaint, alleges that "[b]eginning in and lasting several months in 2018, Defendant Lamar engaged Plaintiff to ship many shipments of goods and supplies from various parts of the continental United States to the island of St. Thomas." @ ¶ 11. Given, that Plaintiff does not allege an exact date in 2018, even if the Court were to use December 2018, as the last month of services, more than 18 months lapsed from when Plaintiff filed its initial Complaint on September 28, 2022.

[34] Defendants' Motion to Dismiss Plaintiff's Second Amended Compl., at p. 7.

[35] *Id.*

[36] *Raymond-Benjamin v. Assefa*, 72 V.I. 815, **6 (2020).

*St. Thomas Cargo & Ship Services v. Lamar Contractor et. al.*
Case No. ST-2022-CV-00323
Memorandum Opinion and Order
Page 10 of 12

2026 VI Super 26U

argument to refute the assertion that Defendant Louque, as an agent, is not liable for Defendant Lamar's actions or inactions.

¶21    Plaintiff alleges in its Second Amended Complaint, in two instances that: (1) "Defendant Steven Louque is, or was, a project manager for Defendant Lamar Contractors,"[37] and (2) "Defendant Steven Louque, acting in his capacity as agent of Defendant Lamar Contractors, repeatedly promised Plaintiff that Lamar would pay for the shipping and logistics services provided by Plaintiff to Defendant Lamar Contractors."[38] Plaintiff also acknowledges, in its opposition to the Motion to Dismiss the Second Amended Complaint, that Defendant Louque was acting in his capacity as agent of Defendant Lamar.[39] By Plaintiff's judicially admission,[40] it acknowledges that Defendant Louque was an agent of Defendant Lamar.

¶22    *Wassel v. Herbert* incorporates the 3rd Restatement of Agency finding that "if there is no indication in a contract that the person signing does so as agent – that is, if the principal's name does not appear in the instrument as the principal of the person signing, then the agent is personally liable on such a contract."[41] Meaning that "even where an agent discloses the name of the principal,

---

[37] Second Amended Compl., ¶ 13.

[38] *Id.*, ¶ 32.

[39] Pl. Opposition, p. 6.

[40] A Party's factual statements in their pleadings constitute judicial admissions of fact. *See generally Walters v. Walters*, 60 V.I. 768, 775 (V.I. 2014) ("Although 'unsworn representations of an attorney are not evidence,' *Henry v. Dennery*, 55 V.I. 986, 994 (V.I. 2011), an attorney's client may nevertheless be bound by such statements under the doctrines of judicial admissions and judicial estoppel. *See Arlington Funding Services, Inc. v. Geigel*, 51 V.I. 118, 133 (V.I. 2009) (recognizing judicial admissions doctrine in the Virgin Islands), *overruled in part on other grounds by Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 564 (V.I. 2012); *see also Sobratti v. Tropical Shipping & Constr. Co.*, 267 F.Supp.2d 455, 463 (D.V.I. 2003) ("Hence, a party is precluded from retreating from a factual claim, which he affirmatively asserted in support of his cause of action, simply to avoid summary judgment.") (collecting cases).").

[41] *Wassel v. Herbert*, 2009 V.I. LEXIS 37, *7.

*St. Thomas Cargo & Ship Services v. Lamar Contractor et. al.*
Case No. ST-2022-CV-00323
Memorandum Opinion and Order
Page 11 of 12

2026 VI Super 26U

if the agent signs a contract in his or her name only, the agent will be personally bound thereby where the contract does not show upon its face that he or she is acting for another."[42] An agent is generally not a party to the contract and thus is only liable to the principal for failure to perform their duties.[43]

¶23    The evidence before the Court and admitted by the Parties is that Defendant Louque was an agent of Defendant Lamar. There is no indication that he acted in any other capacity other than an agent. No information was presented that Defendant Louque signed the shipment contract or otherwise presented himself as a party to the contract in an individual capacity. While Plaintiff asserted that it was Defendant Louque's personal assurances that convinced Plaintiff to continue shipment of goods,[44] Plaintiff does not present any basis to believe Defendant Louque had the ability to influence Defendant Lamar to abide by the contract already in progress.

## CONCLUSION

¶24    Defendants having conceded that the Court has jurisdiction over the matter, and the Court having found that Defendants did not waive their opportunity to raise a statute of limitations defense, the Court then analyzed what statute of limitations would apply to Plaintiff's claims. Upon concluding that the 18-month statute of limitations found in the ICCTA applied, the Court determined that Plaintiff failed to file within the applicable deadline and thus was time barred from their claims. Furthermore, as no information was presented to indicate Defendant Louque acted in any capacity other than as an agent, he cannot be held liable in his personal capacity.

---

[42] *Id.*

[43] *Cover v. Island Cars of St. Croix*, 18 V.I. 156, 159 (V.I. Terr. 1982).

[44] Plaintiff's Second Amended Complaint, at 2.

*St. Thomas Cargo & Ship Services v. Lamar Contractor et. al.*
Case No. ST-2022-CV-00323
Memorandum Opinion and Order
Page 12 of 12

2026 VI Super 26U

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED and a DISMISSAL**

**WITHOUT PREJUDICE is entered**; it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

**DATE:** June 12, 2026

**HONORABLE SIGRID M. TEJO**
**Superior Court of the Virgin Islands**

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

**BY:**

**DONNA D. DONOVAN**
Court Clerk Supervisor 06/16/2026